## SUCCESSION OF D'AUNOY.

The claim of a creditor of a succession established by a judgment obtained against the executors, after a *contestatio litis,* cannot be afterwards examined at the suit of the heirs, but must be classed as a liquidated debt of the succession. C. P. 986, 987.

Where a dative executor has the seizin of the succession, the delivery of a moveable legacy under a particular title must be demanded from him. C. C. 1623, 1664.

In all personal actions the executor who has the seizin is the legal representative of the succession, and judgments rendered against him are conclusive upon the heirs, where neither fraud nor collusion are alleged nor proved. C. P. 123.

APPEAL from the District Court of Plaquemines, *Rousseau, J. Claiborne,* for the appellants. *Maurian* and *Lambert,* contrâ, contended that the claim of Olivier was *res judicata*; that her action was instituted against the testamentary executor, who was the only person against whom she could prosecute her claim; and that the action being personal, he was the representative of the succession, without citing the heirs. C. P. art. 123. Favard de Langlade, vol. 1. p. 488, *verbo* Chose Jugée. Dict. du Notariat, *verbo* Chose Jugée, vol. 2, pp. 123, 163. Pothier, Oblig. vol. 2, p. 293, no. 52. Toullier, Brux. ed. vol. 5 p. 240, no. 198. *Randall* v. *Baldwin,* 4 Mart. 457. The judgment of the court was pronounced by

ROST, J. This controversy arose from the decision of this court in the case of *Philonise Olivier* v. *Blancq,* dative testamentary executor of *D'Aunoy,* 2 Ann. Rep. 517. It having been shown in that case that the plaintiff was the concubine of the testator, we disregarded the testimony adduced to show the value of her services in his house; but we held that dispositions *mortis causâ* in favor of concubines were authorised by law, subject to be reduced in case of excess to one-tenth of the value of the succession. There being no evidence in the record that the donation was excessive, judgment was rendered in favor

of the plaintiff for that portion of her claim resting upon it, and for the farther <span style="float:right">Succession</span> sum of $40, advanced by her on account of the succession, together with legal <span style="float:right">of<br>D'Aunoy.</span> interest on the whole. The executor, in rendering his account, placed *Philonise* thereon for the amount of this judgment, and two of the heirs have filed an opposition, alleging that the sum allowed exceeds greatly one-tenth of the value of the succession, and praying that it be reduced according to law. They do not object to the allowance of $40. *Philonise*, in answer to the opposition, filed the exception *rei judicatæ*, and further averred the justice of her claim on the grounds taken in the original suit. The court below sustained the exception, and the opponents have appealed from the judgment dismissing their opposition.

There is no error in this judgment. If the claim of the plaintiff is viewed as a debt, the law made it incumbent upon her to litigate and establish it contradictorily with the executor, and the judgment obtained against him, after an earnest *contestatio litis*, cannot again be enquired into by the heirs, and must be classed as a liquidated debt of the succession. C. P. arts. 986, 987. If, on the other hand, the claim is considered as a moveable legacy under a particular title, the dative executor had the seizin of the succession, and the delivery of the legacy was to be demanded from him. C. C. arts. 1623, 1664. In all personal actions the executor who has the seizin is the legal representative of the succession, and judgments rendered against him are conclusive upon the heirs, when neither fraud nor collusion are alleged and proved. C. P. 123. 2 Pothier, Oblig. no. 52. 5 Toullier, Brux. ed. no. 198. *Randall's Widow* v. *Baldwin et al.* 4 Mart. 456.                    *Judgment affirmed.*