## BERNARD MARIGNY *v.* PONTCHARTRAIN RAILROAD COMPANY.

Where the right to open a canal on a certain tract of land, was transferred to a company, who allowed thirty years to elapse, after the contract was made, without attempting to avail themselves of their rights, but, on the contrary, by their own acts rendered the servitude impracticable—*Held :* That the right was extinguished, and the transferror entitled to receive back the land free from the servitude created thereon.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
  *G. LeGardeur*, for plaintiff.    *E. Briggs*, for defendants and appellants.

VOORHIES, J. The question for adjudication is, whether the plaintiff has parted, in favor of the defendant, with his title to the tract or lot of ground in controversy between the parties.

The plaintiff owned a strip of land, designated as " Canal Marigny" on the plan of Faubourg Marigny, and having fifty feet in width, extending from the River Mississippi to Bayou St. John. On the 23d day of February, 1830, he

<div style="margin-left">MARIGNY<br>v.<br>PONTCHART'N R.R.</div>

sold to the Pontchartrain Railroad Company all his rights, titles and pretensions to this tract, from the public road to Bayou St. John; and further transferred to them the right to open the canal to the river, upon the width of fifty feet.

The ownership of the land situated between the public road and the river, has always remained in the plaintiff,—subject to the right of the defendants to extend the Canal Marigny to the margin of the river. Thirty years have elapsed since this contract was made without the defendants having ever attempted to avail themselves of their rights in this respect. On the contrary, they have filled up some portions of the canal, and built a railroad in its place; they have put up a depot on this land. No canal was ever opened from the public road to the river; and for many years the railroad ran to the levee. So that, by the acts of the defendants, the exercise of the servitude in question has become impracticable.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.

LAND, J., absent.