## No. 2755.—WILLIAM GRAYDON v. F. R. JUSTUS.

The defense to an action brought in the courts of this State, to enforce a judgment rendered in the State of New York, that the New York judgment was absolutely void for want of citation, must be pleaded specially so as to put the plaintiff upon his guard. If in such.a suit a form of citation is shown in the record of the judgment in New York, then the presumption will be, under the provisions of section 1 of article 4 of the Constitution of the United States, "giving full faith and credit in each State, to the judicial proceedings of every other State," that such citation was made in conformity with the laws of New York, and is not therefore void for want of citation.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Dirrhammer & Kennard,* for plaintiff and appellee. *C. Roselius & Alfred Philips,* for defendant and appellant.

HOWELL, J. This suit is brought on a judgment rendered by the Supreme Court of the city and county of New York. The defendant denies that plaintiff has "obtained any valid judgment against him," and that he owes anything to plaintiff. The record of the suit of William Graydon against F. R. Justus in said court was introduced in evidence, and from a judgment against him the defendant has appealed. The only question he presents is, the absolute nullity of the New York judgment for want of citation. He argues that, as the law of New York in regard to citation was not introduced in evidence, we must presume the law of that State is the same as ours, and must therefore hold that the "summons" to the defendant found in the record and signed by the attorneys of the plaintiff and served upon the defendant personally by their clerk, is without effect and the defendant was never cited.

This is a technical defense, which we think should have been specially pleaded, so as to put the plaintiff on his guard. Under the general allegation that, "the plaintiff has not obtained any valid judgment against this respondent," the plaintiff was not bound to know that he expected to introduce the law of New York on the subject of summons or citation to defendants. He was fortified in advance by the presumption in favor of the regularity of judicial proceedings, to rebut which it was incumbent on defendant to at least set up the particular defect or irregularity in the proceedings on which he relied for that purpose.

Graydon v. Justus.

Conceding that the presumption invoked by the defendant applies to a case like this, we think it overcome by the presumption arising from the provisions of section 1 article 4 of the Constitution of the United States, giving full faith and credit in each State to the "judicial proceedings" in every other State; the provisions of article 752 C. P., making judgments rendered in other States full proof in the courts of this State when properly certified, and the maxim "*omnia præsumuntur rite esse acta.*" We will rather presume the "summons" on which the New York court based its judgment was in conformity with the law of that State, than that the form of citation required in Louisiana was necessary there.

The evidence before us, in our oppinion sustains the judgment appealed from.

Judgment appealed from is therefore affirmed.