## No. 8842.

### T. W. TURLEY vs. MAURICE DREYFUS, DATIVE EXECUTOR.

The judgment of a Tennessee court can no longer be rendered *executory* in this State.   The only remedy of the holder is to sue upon it as the evidence of a debt and to recover a judgment in a Louisiana court for the amount thereof, which will be a Louisiana judgment and executed as such.   The Court here is not concerned with the mode of execution of Tennessee judgments in that State, but only with the question whether the judgment is binding on the party sued here and has the effect of establishing, as a thing adjudged, the existence of the debt.   If so, it entitles him to judgment in a Louisiana court for the debt evidenced thereby.   In a former proceeding in this case, it was held that the defendant was bound by the judgment sued on, and on the merits no valid defense thereto has been established.

APPEAL from the Eighth District Court, Parish of East Carroll. J. W. Montgomery, Judge ad hoc.

---

W. G. Wyly for Plaintiff and Appellant.

F. F. Montgomery and Cox & Campbell for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J.   This is a suit against the succession of James H. Wilson, duly opened and under administration in this State, through Dreyfus, as dative testamentary executor, upon a monied demand evidenced by a judgment of a competent court of the State of Tennessee, the object of the suit being to obtain a judgment of a Louisiana court decreeing that petitioner be paid the amount claimed by him and that the defendant executor be ordered to pay the same in due course of administration.

The judgment is sued upon just as a promissory note would be, simply as the evidence of the debt claimed.

All theories based upon the idea (though, to some extent, countenanced by the terms of the petition) that this is a proceeding to *enforce*, or *render executory*, a Tennessee judgment, are utterly unfounded.   No such proceeding is now known to the law of Louisiana. Remedies of this nature, which once existed, have been expressly repealed.   See Arts. 746, 747, C. P., repealed by Act of 1846, p. 166.

The only remedy which the holder of a Tennessee monied judgment has against persons or property in this State, is to bring suit thereon here, and to obtain the judgment of a Louisiana court for the amount thereof.   In such case the only judgment which is or can be *executed* is the judgment of the court of Louisiana.

When the instant suit was originally brought, the defendant interposed an exception of no *cause of action*, and from a judgment sustaining said exception, an appeal was prosecuted to this Court.   Our opinion and decree reversing that judgment, overruling the exception, ordering the defendant to answer to the merits and remanding the case, are extant at p. 885 of 33 An. Rep.

The effect of the exception was to say that, admitting the allegations of the petition to be true, admitting that plaintiff held such judgment and that it was a valid judgment, yet it furnished no ground for the relief asked.   Why ?   Because, said the defendant, I was neither party nor privy to that judgment; as to me it was *res inter alios acta*, and I am in no manner bound thereby.

The effect of our decree overruling the exception was to say that the defendant was *privy* to the judgment and bound thereby, and that if the plaintiff should establish the allegations of his petition, they would support the action and authorize relief.   This left open to defendant the general defense contravening the existence or validity of the judgment, and all special defenses tending to establish its extinguishment in any lawful mode; but it forever closed, and passed into the domain *rerum adjudicatarum*, all controversy on the point that if the plaintiff held the judgment sued on, if it was a valid judgment, and if it had

been in no manner lawfully extinguished, it furnished a good cause of action and justified the appropriate relief.

The question as to the binding effect of the Tennessee judgment on the succession in Louisiana was, we are free to admit, a delicate and difficult one not concluded by authority.

The substance of our opinion was that a judgment against the sole testamentary executor of a deceased person, who had qualified and was administering in that capacity in both Tennessee and Louisiana, rendered by a court of Tennessee, was binding on him in his capacity as testamentary executor in both States. We further held, that inasmuch as the judgment of the court of the first instance was rendered under the state of facts above indicated, the case was not affected by the death of the executor during the pendency of an appeal in the Supreme Court of Tennessee and by the substitution of an administrator *de bonis non* contradictorily with whom the appeal was necessarily prosecuted; but that the judgment of the Supreme Court, affirming the judgment of the lower court, had the same effect which the latter would have had if it had never been appealed from.

We find no reason to question the correctness of our conclusions on these subjects; but, were it otherwise, our decree is final and beyond review, so far as it affects the rights of the parties to this cause. Arguments, now made, assailing its correctness, come too late, and need no further notice at our hands.

We now approach a defense strenuously insisted upon, to the effect that, conceding the judgment to be binding and to furnish a good cause of action, yet that the relief granted must be limited by the effect which would be given to the same in the State of Tennessee. We are informed that, under the law of Tennessee, a testamentary executor only represents the *personalty* of the estate administered by him and not the real estate or the heirs; that a judgment against such executor can only be satisfied out of the personalty and is not binding on the heirs nor executory upon the real estate; and, therefore, in any decree which may be rendered here in an action upon such a judgment, we should confine its effect to payment out of the personal property of the succession here.

The argument is entirely fallacious. As a matter of course, a judgment rendered against one who is sued in a representative capacity, binds only the persons and property which are represented by him. If the testamentary executor in Tennessee does not represent the heirs and the realty in that State, naturally the judgment should not bind the realty there, or the heirs as regards their rights in the Tennessee estate. With all this we have nothing to do. The question comes back to the same issue: is the judgment binding on the executor in

Turley vs. Dreyfus.

Louisiana? If it is not, then it furnishes no cause of action against him. If it is, then it is binding to the full extent of his representative capacity. We have held that it was binding on him.

It follows, therefore, that it binds all property without distinction belonging to the succession in Louisiana and the rights of heirs as well as others in and to such property.

We have no concern with the mode of execution of such judgments under the law of Tennessee.

As before stated, a Tennessee judgment cannot be executed in Louisiana in any mode. It is sued on here simply as an evidence of a debt. The only inquiry which concerns us here is whether the judgment rendered in Tennessee establishes, as a thing adjudged, in a mode binding on the testamentary executor in Tennessee, that the decedent, James H. Wilson, was indebted to the plaintiff in the suit in the sum of money fixed therein. If such is the faith and credit attached to the judgment in Tennessee, and if, as we have held, it is equally binding on the executor in this State, it is absolutely entitled to the same faith and credit here. It is the highest evidence of a debt, and unless vitiated by fraud, or impeached as to its validity, or extinguished in some lawful mode, the holder is undoubtedly entitled to a judgment of the Louisiana court against the executor here for the amount thereof. Such judgment will be a Louisiana judgment for money against a Louisiana succession, and will have the effect and execution to which it is entitled under the law of this State.

This disposes of the case.

After a careful study of the evidence, we find that it establishes no defense which can avail against the judgment sued on. Its validity is not impeached. No fraud or collusion is shown in its obtention.

The title of the plaintiff to the judgment is not successfully assailed either as to its reality or as to its legality. A final judgment is not a litigious right which an attorney-at-law is prohibited from purchasing.

The pleas of compensation urged, even if otherwise maintainable, are of unliquidated demands and not of equal dignity with the judgment sued on, and cannot be pleaded against a judgment under our law.

No demand in reconvention is presented, and we are, therefore, dispensed from further consideration of these claims.

We may, however, say that if the prayer of defendant's answer could be construed as involving a reconventional demand, there is entire failure to establish any claim against the plaintiff, and so far as his transferror, Holt, is concerned, he is not a party and not subject to any judgment herein.

65

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there now be judgment in favor of plaintiff and against the defendant in his representative capacity for the sum of eleven thousand nine hundred and thirty-five 66–100 dollars, with interest at the rate of six per cent. per annum from March 13th, 1879, and costs in both Courts, the same to be payable in due course of administration.

### CONCURRING IN PART.

BERMUDEZ, C. J.    The previous decree of this Court decided merely that the plaintiff, on the face of the petition, had disclosed a cause of action. It was not intended to mean that, if the allegations of fact were true, the plaintiff would be entitled on the trial of the case on its merits to *the* judgment prayed for.    It only meant that, under the showing made, the plaintiff could recover *a* judgment against the defendant.

This suit is to give effect to the Tennessee judgment declared upon. Under the Constitution of the United States, such judgment must receive the effect in this State to which it is entitled in Tennessee. Under the jurisprudence it is entitled to *that*, but to nothing more.

The only effect which could be given to it in Tennessee would have been to coerce its payment out of the personal property of the deceased contradictorily with the representative of the estate, who there does not represent the realty or the heirs.    In case of insufficiency of the personal property, the judgment creditor could not have enforced the judgment by levy on the realty contradictorily with the heirs.    He would have been bound to sue on the debt.    The judgment is there *res inter alios acta* as to the heirs.    What he could not have done in Tennessee, he cannot do here.

The executor in Louisiana, differently from an executor in Tennessee, represents the movable and immovable property, the creditors, the legatees and the heirs.

A judgment rendered in Tennessee, not susceptible of being opposed as *res judicata* to the heirs there, and of being levied on real property there, is not binding on the executor in this State; and does not affect real estate here.

Suppose no dative executor had ever been appointed in Louisiana, and that the heirs of the deceased were now domiciled in this State, could the plaintiff have had a right to sue them on the judgment obtained in Tennessee?    They could there have pleaded *res inter alios acta*.    They would have such a right here.    The plaintiff would have been bound to sue on the claim which is the foundation of the judgment.

What he could not do against the principals he cannot do against the agent, particularly where that agent is one imposed by law, such as an executor.

If a judgment rendered in this State against an executor, and which is conclusive against the heirs, were declared upon in Tennessee in a suit against the heirs there, the courts of Tennessee would not hesitate to refuse giving to such judgment the entire force and effect which it would receive here, for the obvious reason that such judgment would be considered as *res inter alios acta* as to the heirs. Why, then, should a judgment rendered in Tennessee, not binding there on the heirs and declared upon here, be recognized by Louisiana courts and given a force and effect to which it is not entitled in Tennessee? Our law clearly is that no one is bound by a judgment to which he was neither party nor privy.

The judgment of this Court on the Tennessee judgment gives it more effect in this State than it would be entitled to have in Tennessee, because it makes it binding on the heirs and payable out of the proceeds of the immovable property.

It can receive execution only against the movable or personal property in this State.

To that extent only I concur in the opinion and decree just rendered.