## No. 9767.

THE STATE EX REL. J. M. LEVET VS. CHARLES AND ANTOINETTE LAPEYROLLERIE.

Where the execution of a judgment of an inferior court is sought to be prevented by means of a writ of prohibition on the ground of the want of jurisdiction in the court rendering the judgment, the circumstance that such court had overruled the plea to its jurisdiction, and assumed jurisdiction of the cause, does not debar this Court from reviewing

the question of said court's jurisdiction and its ruling thereon. In fact, before that court took jurisdiction of the cause, an application to this Court for its interference would be premature.

The object or purpose of a suit or the matter in dispute should be determined not by the prayer of the petition alone, but from the body of the petition in conjunction with the prayer.

Even if the prayer does not ask in plain terms the decree that the allegations of the petition would clearly warrant, such omission will not prejudice the petitioner's right to recover on the averments of his petition, where they are sufficient to sustain the proper action and decree, and there is a prayer for general relief.

APPLICATION for Prohibition.

_T. J. Semmes & Legendre_ for the Relator—(not of counsel in the original suit)

_G. Leche, L. DePoorter_ and _J. D. Augustin_ for the Respondents.

The opinion of the Court was delivered by

TODD, J.   The relator obtained a judgment against the respondents in the district court of the parish of St. John the Baptist. From this judgment an appeal was taken to the Circuit Court of Appeals for said parish.

In that court a motion to dismiss the appeal was made on the ground of want of jurisdiction in said court _ratione materiæ_.

This motion was denied and the court proceeded to try the cause, and reversed the judgment of the district court.

The ruling of the court on the question of jurisdiction was made in the same decree that pronounced on the merits of the controversy.

The plaintiff in said case then applied to this Court for a writ of prohibition directed against the defendants in said case to prevent the execution of the judgment rendered by the said Circuit Court of Appeals, on the ground that said court had usurped jurisdiction of said suit, and that the judgment was consequently null and void; and this is the matter now before us.

1st.   We are first met by an exception to the proceeding on the part of the respondents substantially to the effect that the question of jurisdiction was formally presented before said Court of Appeals by the motion filed therein to dismiss the appeal, and was determined by that court; and that its action on the subject was final and cannot be reviewed by this Court under or by a writ of prohibition.

We have repeatedly held that a writ of prohibition would not lie to prevent an inferior court from taking jurisdiction of a cause in advance of any action by that court assuming jurisdiction—that such a

proceeding would be premature until such action had taken place. State ex rel. Matt vs. Rightor, Judge, 37 Ann. 843 ; State ex rel. Girardey vs. O. B. Steele et al., 38 Ann. ——

Should we now hold that the writ would not lie after the court had assumed jurisdiction, and that such action of the inferior court was beyond review, it would be virtually closing the door to relief in all cases where it was charged that jurisdiction had been usurped by such court.

We therefore conclude that there is no force in the exception, and' that the question of jurisdiction in the said Court of Appeals over the subject-matter of the suit referred to is properly before us for determination.

2d. A reference to the petition in said suit of Levet vs. Charles and Antoinette Lapeyrollerie, filed in the district court of St. John the Baptist and above referred to, shows that the plaintiff in said case— the relator herein—claimed to be owner of a real servitude established for the benefit of a plantation belonging to him, over a plantation or tract of land the property of the defendants in the case—the servitude consisting of a canal cut through the land of said defendants for the drainage of his, relator's, plantation. He charged that the said defendants had threatened and attempted to close up the said canal; and it was further alleged quoting from the petition "that defendants' action in closing said canal as aforesaid, or otherwise infringing upon the rights of servitude in favor of the property owned by the petitioner, would cause him an irreparable injury. That the conduct of defendants which made this injunction necessary has damaged him to the extent of five hundred dollars."

The prayer of the petition is as follows :

"Wherefore, petitioner prays that defendant be cited, etc. ; that a writ of injunction issue enjoining, etc., from closing up or in anywise obstructing the said ditch," etc.   *   *   *

"That after legal delays and due proceedings, said injunction be made perpetual, and defendants *condemned to pay* petitioner the sum of *five hundred dollars* as damages, and costs of suit, and for general relief," etc.

The judges of the Circuit Court construed this prayer to limit the matter in dispute simply to the amount of the damages claimed, and thus concluding assumed jurisdiction of the cause. We note as a singular fact, however, that though they ruled that the issue was thus restricted, in the opinion rendered by them they entered fully into the question of the servitude claimed and rejected the relator's claim

thereto.   It is satisfactorily shown by the record that this right of ser-vitude was worth $14,000.   If that was in contest in the suit, and by their opinion and decree the judges virtually so held, it was clearly beyond their jurisdiction.

It is true, considering the claim set out in the body of the petition, and the language of the petition respecting it quoted above, that the prayer seems very meagre, and certainly shows inartistic and defective pleading, and has produced the whole difficulty in the case.

It seems to us that, when the Circuit Court confined the demand in suit, under their construction of the prayer of the petition, solely to the damages asked for, it might be reasonably argued that the only logical judgment it could have rendered was the dismissal of the suit. For it is to be noted that when the suit was commenced the canal was neither wholly nor partially closed, but it was merely alleged that the closing of it had been threatened or attempted, and that five hundred dollars damage, or any damage in fact, could have been caused by a mere threat or attempt to do an act, seems somewhat problematical.

The error committed by that court (and we hold that it was in error) was in testing the matter in dispute by the narrowest construction of the language of the prayer of the petition.

It is clear to our minds, from the plain wording of the body of the petition touching the claim therein, which is accurately and explicitly set forth as to its character and mode of acquisition, considered to-gether with the prayer of the petition, that the sole object or purpose of the suit was to secure to the plaintiff therein the benefit of the servi-tude or right of drainage claimed, and to prevent its destruction. And we hold that to determine the matter in dispute in a suit it is essential to be guided and governed not alone by the verbiage of the prayer, but that the entire petition should be considered.   3 Ann. 268; 10 Ann. 719.

And it has been further held that a mistake in the prayer of the petition will not prejudice a plaintiff's right to recover on the aver-ments of his petition where they are sufficient to sustain the proper action, and there is a prayer for general relief.   15 Ann. 426.

When we make, however, a critical analysis of the language of the prayer of the petition, considered with reference to the plain aver-ments in the body of the petition, it seems plain that the demand made even by the prayer is substantially to establish judicially the right to the servitude claimed.

State ex rel. Savage vs. Judge, etc.

As before stated, the character of the servitude is fully described, as likewise its use and benefit to the claimant; how it was acquired, and the irreparable damage that would be caused by its destruction or loss, and then follows the prayer that the defendants be enjoined "from closing or obstructing in any manner the canal, and that the injunction be perpetuated." In other words, a decree was asked by which the use and benefit of the canal—which the petitioner then enjoined—should always be preserved to him, and this prayer necessarily included the recognition of the relator's right to it.

Our conclusion is that the Court of Appeals exceeded the bounds of its jurisdiction in determining and trying and rendering judgment in the case of J. M. Levet vs. Charles and Antoinette Lapeyrollerie, above referred to, and that said proceedings and judgment of said court are null and void, and that the judgment of the district court was in no manner disturbed thereby.

It is, however, urged as a bar to any action by this court, that the judgment of the Circuit Court had been executed by closing the canal in dispute by the respondents herein, and that therefore the writ came too late. Even could we take cognizance of such a fact, which is made to appear only by the *ex parte* affidavit of respondents' attorney, still by the same affidavit it is shown that the canal, though thus closed, has been reopened by the removal of the dam closing it, and therefore it seems that the status of the matter in dispute had been restored, and is now just as it existed when the injunction against its closing was first issued by the court at the first instance.

The writ of prohibition is, therefore, made peremptory, at the cost of the respondents.