LAND, J.
Plaintiff’s petition was dismissed on exception that the allegations thereof are “vague, uncertain, and indefinite, and do not set np a 'cause of action.” Plaintiff has appealed.
The petition alleges that the plaintiff is the owner of a certain described tract of land, which he acquired from one Michel in 1894, who bought from one Thorpe in 1888, and that Thorpe purchased from one Dimmons in 1882, and that Dimmons in 1879 acquired his title from Thorpe, by deeds in due form and properly recorded in the parish of Avoyelles.
The petition further alleges that in the year 1899 one Alfred B. Irion, since deceased, did unlawfully, and without title, and without plaintiff’s knowledge or consent, take possession of—
“a strip of petitioner’s said land situated in the rear of your petitioner’s field running from east to west, and bounded on. the north by your petitioner’s said land, and south by the property of the estate of the said Irion, deceased, said strip of land containing sixty-three and g«/ioo acres and being well worth the sum of three thousand dollars.”
The petition alleges that the said Irion remained in illegal possession of said strip of land until his death in the year 1903; that his heirs took and have continued in the illegal possession of said property; that during the possession of said Irion and heirs they used and cultivated about 30 acres of said strip of land, for which the said heirs are justly indebted unto the petitioner in the sum of $1,450, and in the additional sum of $150 per annum for such further time as the defendants may remain in possession thereof during the pending of this suit.
The petition prayed for citation of the defendants and—
“that after due proceedings had there be judgment in favor of your petitioner and against the defendants, restoring your petitioner in the possession of his said property, and quieting him in his title thereto.”
The petition further prayed for judgment against the defendants for the sum of $1,-450, and the sum of $750 per annum for the time they may continue in possession of the premises, with interest as alleged, and costs, “and for general and equitable relief.”
Qur learned Brother below held that the action was possessory according to the prayer of the petition, and that the admitted possession of the defendants for more than one year previous to the institution of this suit bars the action as possessory.
It is true that the general rule is that “it is the prayer of the petition which gives character to the action,” as was said in Carraby v. Le Breton, 1 Rob. 252, but it is also well settled that:
“A mistake in the special prayer ought not to prejudice plaintiff’s right to 'recover upon the sufficient averments of his petition fallowed by a prayer for general relief.” Espinola v. Blasco, 15 La. Ann. 427; State ex rel. Levet v. Lapeyrollerie, 38 La. Ann. 915.
The action cannot be considered as possessory, because the petition does not allege any real and actual possession in the plaintiff, or any real disturbance in fact or in law by the defendants. Code Prac. art. 49.
*1037 The petition alleges that the plaintiff is owner of the land in the possession of the defendants, and bases all of his rights to relief on his title. The claim of ownership marks the action as petitory. Code Frac, arts. 43, 44.
In the case of Meeker’s Assignees v. Williamson et al., Syndics, 4 Mart. (O. S.) 625, the court said:
“In mere actions recupérandíe possessions, the fact of possession is alone at issue. The plaintiff, proving that he was in possession, and ousted by violence, fraud, or artifice, becomes entitled to recover possession at once; the other party, not being even permitted to say that the plaintiff has no title to the thing. But when the plaintiff puts at issue his right of possession, as when he alleges that he is the owner, and presents his title as the evidence of his possession, the simple fact of possessing is no longer the only question. The defendant is then allowed to dispute the validity of that title, and is maintained in the actual enjoyment of the premises, if the plaintiff fails to make his title good.”
In that case the prayer of the petition was for possession and damages; but the court held that the allegation of ownership put plaintiff’s title at issue, and on the trial decreed its nullity.
We therefore are of opinion that the exception of no cause of action is bad.
There was no separate exception of vagueness, uncertainty, and indefiniteness; but those grounds were cumulated with that of no cause of action in the same exception, paragraph, and clause. The judge a quo in his written opinion discussed only the ground of no cause of action. We are of opinion that grounds for a dilatory exception should not he cumulated with grounds for a peremptory exception, as both cannot be disposed of by the same judgment.
It is therefore ordered that the judgment below be reversed, and it is now ordered that defendant’s exception be overruled, and this cause be remanded for further proceedings according to law, and that defendant pay the cost of this appeal.