(80 South. 258)

No. 21492.

DOUGLASS v. GYULAI.

(Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

1. JUDGMENT ☞815—FOREIGN JUDGMENT— ENFORCEMENT IN OTHER STATE.

A judgment by a court of one state can have no operation in another, and to give it the force of judgment in such other state it must be made a judgment there by suit on it; the effect of the full faith and credit clause of the federal Constitution being simply to preserve the conclusiveness of the foreign judgment as evidence of the debt, not to preserve its executory character.

2. PLEADING ☞72 — PETITION — PRAYER —GENERAL RELIEF.

Where petition against administratrix sought enforcement of judgment of another state against her deceased husband's estate, and also prayed general relief, leaving no room to doubt what relief plaintiff was entitled to or was seeking, the deficiency of the express prayer *held* supplied by general prayer for general relief.

Appeal from Eighth Judicial District Court, Parish of Franklin; S. R. Holstein, Judge.

Suit by W. S. Douglass against Johanna Gyulai. From a judgment for defendant, plaintiff appeals. Judgment set aside, and case remanded for trial.

Berry & Berry, of Winnsboro, and E. M. Stafford and H. W. Robinson, both of New Orleans, for appellant.

W. H. Thompson, of Winnsboro, for curator ad hoc, Mrs. Johanna Gyulai, administratrix of succession of John Gyulai.

PROVOSTY, J. Plaintiff sues upon a money judgment rendered in his favor by the Supreme Court of Tennessee against the estate of the deceased husband of defendant in a suit in which the said estate was represented by the defendant as the administratrix thereof. He alleges that, by a final judgment of the district court of the parish of Franklin, La., the defendant has caused herself to be recognized as the sole heir of her said deceased husband, and to be placed, as such, in possession of the property of his estate in Louisiana; and that thereby she has rendered herself personally liable for the debts of said estate. He annexes duly authenticated copies of both of said judgments to his petition.

He prays that a curator ad hoc be appointed to represent defendant who is an absentee, and that she be duly cited through this curator, and that her property in Louisiana be attached, and that the said judgment of the Tennessee court—

"be recognized and given full faith and credit due to it under the provisions of the federal Constitution and statutes and the laws of this state, and the same be affirmed and ordered entered and registered and executed and enforced as the law directs."

He further prays that the writ of attachment be maintained, and that the property attached be sold to satisfy said debt and all costs; and "further for all necessary orders, costs, general and equitable relief."

The curator ad hoc excepted to this petition on the ground that it showed no cause of action because there was no prayer for a judgment for the debt in question; but only a prayer for the affirmance, entry, registration, execution, and enforcement of the Tennessee court judgment.

The learned counsel for plaintiff contend that this was all that was necessary, in fact, all that could legally be asked; that the proceeding is against the property, in rem, not against the defendant personally; and hence all that needed to be asked or that could legally be asked, was that the judgment be given full faith and credit, and that the property be seized and sold to satisfy it.

[1] The power, or jurisdiction, of one state, or of its courts, cannot extend over into another state. Therefore a judgment by a court of one state can have no operation in another state. A judgment "does not carry with it, into another state, the efficacy of a judgment. * * * To give it the force of a judgment in another state, it must be made a judgment there." McElmoyle v. Cohen, 13 Pet. (38 U. S.) 312, 10 L. Ed. 183. The effect of the full faith and credit clause is simply to preserve to the judgment its conclusiveness as evidence of the debt, not to preserve its executory character. Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 541.

"The judgment is sued upon just as a promissory note would be, simply as the evidence of the debt claimed." Turley v. Dreyfus, 35 La. Ann. 510.

[2] Now, suppose that the suit were upon a promissory note (albeit a promissory note against which only such defenses could be urged as can be urged against a judgment), would a prayer for the affirmance, entry, registration, execution, and enforcement of such a mere evidence of debt call for, or justify, an executory decree of any kind.

Of itself, evidently, it would not. But whether, in connection with the prayer for general relief, it would not, is not so clear. At any rate, the petition in this case leaves no room whatever to doubt what relief plaintiff is entitled to or is seeking; and, such being the case, the deficiency of the express prayer is supplied by the prayer for general relief. 1 Hennen, Dig. p. 734, No. 5; Kinder v. Scharff, 125 La. 600, 51 South. 654; Jacobs v. Sauve, 15 La. Ann. 427; State v. Lapeyrollerie, 38 La. Ann. 915.

In view of the controlling importance which the learned counsel for plaintiff have attached in the argument to the fact that the suit is in rem, we will add that the suit is thus in rem only in a sense—in the sense that the court has not jurisdiction of the person of defendant, but only of the property, and that therefore the property is practically the defendant—but that the suit is not in rem in the sense of being upon an executory obligation binding the property, so as to dispense with a judgment against defendant for the debt. In the absence of such a judgment, there would be nothing upon which a writ for the seizure of the property could be based; there would be nothing to execute. The judgment sued on not being an executory judgment, or, legally speaking, a judgment at all, but simply an evidence of debt—nothing more than what a promissory note of equally conclusive character as an evidence of debt might be—the recognition, registry, etc., of it, would not constitute an executory judgment, no more than the like recognition, reg-

istry, etc., of a promissory note might constitute an executory judgment.

The judgment appealed from is set aside, and the case is remanded for trial. The defendant to pay the costs of the appeal.

O'NIELL, J., concurs in the decree.

LECHE, J., takes no part, not having heard the argument.