No. 8964.
Orleans Appeal.

## MAURICE HYMAN v. JOSEPH SUTTON, Appellant.

(October 20, 1924, Opinion and Decree.)
(November 17, 1924, Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Judgment, Par. 247, 249.**
Judgments rendered in other States of the Union import a presumption of the correctness of all the proceedings leading up to them, including the citation and return.

2. **Louisiana Digest, Interest, Par. 12, 15.**
In the absence of proof of the legal interest in New York, only five per cent interest will be allowed by our Courts on a New York judgment presented for execution here.

(Civil Code, Arts. 1938, 2924, and Code of Practice, Art. 554.—Editor's Note.)

Appeal from Civil District Court, Hon. Porter Parker, Judge.

This is a suit for the recognition and enforcement of a judgment rendered in favor of plaintiff against the defendant by the City Court of the City of New York.

Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

Spencer, Fenner, Gidiere & Phelps, attorneys for plaintiff and appellee.

A. D. Danziger, attorney for defendant and appellant.

CLAIBORNE, J. This is a suit for the recognition and enforcement of a judgment

rendered in favor of plaintiff against the defendant by the City Court of the City of New York.

The plaintiff alleged that · on December 12, 1919, the City Court for the City of New York rendered a judgment in his favor and against the defendant for $1,718.58, a copy of which he annexed to his petition duly certified by the Clerk of said Court, sealed with his seal and clothed with the certificate of the Presiding Judge of said Court that the attestation thereof is in due form. He prays for judgment in accordance with said judgment.

The defendant denied that he had been cited personally or otherwise in the Court of New York and he prayed that this suit be dismissed.

There was judgment for plaintiff and defendant has appealed.

1. Article 752 of the Code of Practice reads as follows:

"Judgments rendered in the different Courts of the United States shall import full proof in the Courts of this State, if the copy of them which is offered be certified by the Clerk of the Court in which they are rendered, be sealed with his seal, if there be one, and clothed with the certificate of the judge, chief justice or magistrate who presides in the Court, as the case may be, declaring that the attestation is made in due form." Warren vs. Hall's Ex'r, 10 La. 381; Succession of D'Aunoy, 3 La. Ann. 36; Sargent vs. Davis, 3 La. Ann. 354; Turley vs. Dreyfus, 33 La. Ann. 887; Turley vs. Dreyfus, 35 La. Ann. 511; John I. Adams & Co., vs. Coons, 37 La. Ann. 305; Mutual Nat. Bank vs. Moore, 50 La. Ann. 1332, 20 So. 304; Douglas vs. Gyulai, 144 La. 213, 80 So. 258; U. S. Const. Art. 4, Sec. 1; 3 Wheaton 234; 127 U. S. 291; 192 U. S. 355; 207 U. S. 43; 210 U. S. 230.

The presumption therefore is that the citation was properly served according to the laws of New York. Such was the ruling in the case of Graydon vs. Justus, 24 La. Ann. 222, 18 Wall 365.

The same presumption exists as to a domestic judgment. There is no difference between the two. 15 Ruling Case Law 887-888.

In the case of Widow de St. Romes vs. Carondelet Canal, 24 La. Ann. 331, plaintiff attempted to annul a judgment on the ground of want of citation. The opinion states:

"The plaintiff herself swears that no citation was served upon her; that at the time when it is alleged to have been served she was confined to her room by sickness and was most of the time in bed. The testimony of the two sons is of a negative character. One of them said it was physically impossible for the Deputy Sheriff to serve the citation personally upon the plaintiff, but he gave no facts tending to show why it was physically impossible. It is shown that the officer who received the citation had been dead ten years or more. The return upon the citation is shown to be in · his handwriting, and recites that service was made on the plaintiff in person. A sheriff's book was produced in which an entry was shown of corresponding date with the return on the citation, and this entry recites that service was made in person on the plaintiff at her domicile. The evidence on the part of the plaintiff does not in our opinion overcome that exhibited by written instruments. The presumption is that the officer's return correctly sets forth facts."

In the case before us the citation was addressed to "Joseph Sutton". It was served by Louis "Lichtman", who made the following return:

"Louis Lichtman being duly sworn, says that he is over 21 years of age and that on the 26th day of November, 1919, at 35 West 31st St., Borough of Manhattan, City of New York, he served the summon with notice in this action hereto annexed upon Joseph Sutton, defendant in this action, by delivering a true copy of said summons with notice to such defendant personally, and leaving the same with him. He further says that he knew the person served as aforesaid to be the person mentioned and described in the said summons as the defendant in this action."

(Signed) LOUIS M. LICHTMAN.

Sworn to before me this 29th day of November, 1919.

(Signed) M. C. BEACH,
Notary Public, N. Y. Co.

On the trial of this case, under commission, Lewis M. Lichtman reiterated the return made by him on the citation.

Julius Bernstein, in the same manner, corroborates Lichtman.

Sadie Israel testified that she saw the defendant and Lichtman talking in the store, and as the defendant was passing Hyman's room he stopped and shook a paper in his face, yelling that he had no right to sue him, and put the paper back in his pocket and walked out.

Defendant swears he was not cited.

The following witnesses on behalf of defendant swear that the defendant was married on November 25th and that he spent all of the following day, November 26th (day of the service on defendant) in the home of Joe Laniado:

1st.   Salka Zaga, her mark.
2nd.   Joe Laniado.
3rd.   Annie Laniado, her mark.
4th.   Anzeruth Zerafe, defendant's wife.
5th.   Celina Levy.
6th.   Joseph Sultan.
7th.   Josue Anzaroot.

Edward W. Hart, Chief Clerk of the Marriage License Bureau of the City of New York, testifies that under the laws of New York a marriage license must be obtained for the performance of the ceremony and that from October 1 to December 31, 1919, no such license had been obtained from his office.

Defendant, though called upon, did not produce any marriage certificate.

The Deputy Sheriff who served the defendant in this case testifies that when he called at defendant's store and asked him if he was Joe Sutton, the defendant denied his identity and said that Joe Sutton was in New York.

Neither the defendant's testimony nor that of his witnesses impresses us favorably. The case turns upon the proof of an event that is alleged to have taken place upon a particular date, the 26th of November. Defendant's witnesses must rely upon their memory as to an event that is said, with some doubt as to its occurrence at all, to have taken place on a particular date three years before. As against their mere memory, fallible at best, is the written contemporaneous document attested by a credible witness serving as an officer designated by law.

We think with the District Judge that the testimony of the defendant and his witnesses is unreliable and not sufficient to overcome the presumption in favor of the citation and of the judgment and the positive testimony of the three witnesses supporting them.

The defendant complains that the judgment appealed from carries six per cent interest. Plaintiff alleged that such was the law of New York. In the absence of a special denial of that fact, which defendant did not make, the allegation must be deemed to have been admitted. Sec. 3 of Act 157 of 1912, p. 226.