(128 So. 514)

**DOUGHTY v. ALLEN.**

No. 30641.

May 6, 1930.

S. R. Holstein, of Winnsboro, for appellant.

Polk & Robinson, of Alexandria, and A. D. Flowers, of Jena, for appellee.

OVERTON, J.

This is a contested election suit arising out of the Democratic primary election, held in the town of Tullos, on April 8, 1930. At that election plaintiff and defendant were candidates for the Democratic nomination for the office of town marshal. The Democratic executive committee tabulated the returns, and found that plaintiff and defendant received fifty-nine votes each. Therefore, as neither received a majority, the committee ordered that another primary be held to select either plaintiff or defendant as the Democratic party's candidate for the office of marshal.

Immediately after the result of the primary election was promulgated, plaintiff filed the present suit, alleging that, notwithstanding the return made by the committee, he was duly nominated as his party's candidate for the office of marshal by a majority of the legally qualified voters, who participated in the election. He alleges that five of those voting, who cast their ballots for defendant, were not qualified to vote in the election. He sets forth that four of these voters, naming them, were not qualified to vote, because they did not possess the constitutional requirements of residence in the town, and that the fifth, naming him, was not qualified to vote because he had not paid his poll tax for the year 1928, which was the year in which the voter attained his majority, and therefore that this voter did not possess the requisite tax receipts to entitle him to vote.

Plaintiff then alleges that, with these five illegal votes eliminated, the result will show that he received fifty-nine votes, and that defendant received only fifty-four votes, thus giving plaintiff a majority of five votes; and he then alleges that, by reason of the foregoing facts, he should be decreed to be the nominee for the office of marshal, and that judgment should be rendered ordering the Democratic executive committee to correct its tabulation of the result, and to certify him to the secretary of state as the Democratic nominee for the office of marshal, to

the end that his name may be placed upon the ballots as such.

The prayer of plaintiff's petition is "that his opponent, E. O. Allen, in the late primary election, be duly and legally cited and served with a copy of this petition, and that he be ordered to answer the demands of plaintiff's petition and ruled to show cause on a day and date to be fixed by the court, according to law, why petitioner should not be decreed to be the duly and legally elected nominee of the Democratic party for the office of town marshal of the town of Tullos, at the primary election held in said town of Tullos, on the 8th of April 1930. He further prays for all orders necessary and for general relief."

Defendant met plaintiff's petition with an exception of no cause of action.

One of the grounds upon which this exception rests is that plaintiff does not pray that the rule be made absolute, or that he be decreed to be the nominee, but merely prays, so far as relates to relief, that defendant be ordered to show cause why plaintiff should not be decreed the nominee and for general relief.

While it would have been more in conformity with the niceties of pleading for plaintiff to have expressly prayed that he be decreed to be the nominee, nevertheless the foregoing objection cannot be sustained. The objection should not be upheld, because the prayer of plaintiff's petition makes it clear that he desires to be decreed the nominee, and when, with this clear inference flowing from the prayer, calling upon defendant to show cause why plaintiff should not be decreed the nominee, is considered the prayer for general relief, in connection with the express allegation in the petition that plaintiff should be decreed the nominee, no serious doubt remains as to the sufficiency of the prayer. Douglass v. Gyulai, 144 La. 213, 80 So. 258; Police Jury v. Corporation of Shreveport, 5 La. Ann. 661. The allegation that plaintiff should be decreed the nominee, contrary to defendant's view, is not changed or detracted from by any other allegation of the petition.

Defendant also urges, under the exception of no cause of action, that the proceeding is in the form of one by rule, instead of by petition and citation. However, be that as it may, the proceeding is in substantial accord with section 27 of Act No. 97 of 1922, which is the law governing the procedure, and which gives to it the nature of a proceeding by rule, since it directs that the judge order the defendant to answer the petition, within a given time, after the service upon him of a copy of the petition and order, and since it provides for procedure in a summary manner. We think that the form of the proceeding is not objectionable.

Defendant also urges, under the exception of no cause of action, that plaintiff's attack on the right of four out of the five voters, complained of, to vote for want of the required residence, is a collateral attack upon their registration, and, as such, is not admissible. To this extent defendant is correct. Perez v. Cognevich, 156 La. 331, 100 So. 444. However, the fact that plaintiff discloses no cause of action as to these voters is not sufficient to dismiss the suit, for there is still another vote to be considered, which, unless the exception is good as against the allegations attacking the vote, will call for the overruling of the exception.

The vote just referred to is one cast by W. B. Thompson. This vote is attacked on the ground that Thompson did not possess the required poll tax receipts to enable him to vote at the election.

It appears from the petition that Thompson attained his majority on October 3, 1928. He paid no poll tax for that year. However, he paid his poll tax for the year 1929. The election was held on April 8, 1930. Section 2 of article 8 of the Constitution of 1921 prescribes that no person under 60 years of age shall be permitted to vote at any election in the state, who shall not have paid on or before the 31st of December of each year, for the two years next preceding the year in which he offers to vote, a poll tax of $1 per annum, which is imposed on every resident of the state between the ages of 21 and 60 years. The same section provides, though in another paragraph, that the provisions of this article (that is, article 8) as to the payment of poll taxes, shall not apply among others, to persons under 23 years of age, who have paid all poll taxes imposed upon them by the article.

From the foregoing it is apparent that an annual poll tax is levied on every resident of the state between the ages of 21 and 60. The moment, therefore, that a person reaches the age of 21, he owes a poll tax. Hence, on October 3, 1928, Thompson owed such a tax, but he did not pay it for that year, but did pay his poll tax for the year 1929. He therefore owed two poll taxes next preceding the year in which the election was held, but paid only one of them. Hence, under the Constitution, he had no right to vote.

Therefore plaintiff's petition upon its face shows that he has a majority of one vote over defendant. As plaintiff, by allegations legally set forth, shows that majority, the exception should have been overruled. Instead it was sustained, and plaintiff's suit dismissed.

For these reasons, the judgment appealed from is set aside, and the exception of no cause of action is overruled, and this case is remanded to the lower court to be proceeded with according to law; defendant to pay the costs of this appeal, and those of the lower court to abide the final determination of this case.