BYWATER v. ENDERLE

———

(January 25, 1932. Opinion and Decree.)
(February 15, 1932. Rehearing Refused.)

———

Raymond Gauche, of New Orleans, attorney for plaintiff, appellee.

John H. Hammel, Jr., of New Orleans, attorney for defendant, appellant.

JANVIER, J. Appellee, contending that the amount in dispute herein is more than $2,000, asks that we dismiss the appeal, or, in the alternative, transfer it to the Supreme Court.

Plaintiff, Bywater, claims to be the owner of certain real estate described in the petition. He alleges that defendant is in possession of one-half of the said property without any title thereto and without any right to remain thereon, and that, without any good or lawful reason, said defendant refuses to deliver possession of the property to plaintiff.

Enderle, defendant, admits that he is in possession of the said one-half of the property, but asserts that he is the real owner thereof, and he attaches to his answer interrogatories on facts and articles and alleges that, if those interrogatories be truthfully answered, it will appear that he is in fact the owner of one-half of the said realty.

The district court rendered judgment in favor of plaintiff, Bywater, condemning defendant, Enderle, to deliver possession of said property. Enderle has appealed.

In support of the motion to dismiss the appeal, or to transfer it to the Supreme Court, counsel for appellee argues that there is in dispute the title to an undivided one-half of the property and that the undivided one-half is worth more than $2,000.

Appellant maintains that it is not the title which is here in dispute, but merely the right of occupancy, and that this right of occupancy is worth less than $2,000.

A reading of the petition and the answer leads to the conviction that it is the title itself which is in controversy and not merely the right of occupancy.

Plaintiff, in his petition, makes several allegations as to the title. In one paragraph he states "Petitioner is the true and lawful owner." In another he avers "That Charles Enderle (defendant) is in the actual physical possession * * * without any title whatsoever thereto."

Defendant's answer contains the following: "That defendant is in truth and in fact the joint owner."

We know of no language which could more clearly put at issue the title itself.

In actions recuperdae possessionis, the fact of possession—the right of occupancy —and nothing else is at issue, but in petitory actions the title itself is in dispute and the amount involved is not merely the value of the right of occupancy. In Meeker's Assignees v. Williamson et al. Syndics, 4 Martin (O. S.) (La.) 626, the Supreme Court said:

"The plaintiff, proving that he was in possession, and ousted by violence, fraud or artifice, becomes entitled to recover possession at once: the other party, not being even permitted to say that the plaintiff has no title to the thing. But when the plaintiff puts at issue his right of possessing, as where he alleges that he is the owner, and presents his title, as the evidence of his possession, the simple fact

of possessing is no longer the only question."

In Haas v. Irion et al., 125 La. 1034, 52 So. 149, 150, is found a case in which there was dispute as to the nature of the action which was under consideration. The court said:

"The petition alleges that the plaintiff is owner of the land in the possession of the defendants, and bases all of his rights to relief on his title. The claim of ownership marks the action as petitory. Code Prac. arts. 43, 44."

We conclude that this is a petitory action and that, in determining what amount is in dispute, we must consider the value of the property itself and not the value of the right of occupancy.

While we find in the pleadings no averment that the one-half interest, which is here involved, exceeds $2,000 in value, counsel for both parties apparently concede that the whole property is worth considerably more than $4,000 and the purchase price is shown to have been $6,250. We feel, therefore, that the value of the one-half interest considerably exceeds our maximum jurisdictional limit.

Since we are authorized by Act No. 19 of 1912 to transfer such an appeal to the Supreme Court we have decided to follow that course.

It is therefore ordered, adjudged, and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana to be disposed of according to law, the transfer to be made within thirty days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed; defendant and appellant to pay the costs of appeal in this court, the remaining costs to await final determination of the matter.