Middleton, J.
The action of the board of elections was taken pursuant to Section 4785-70, General Code, which provides for the filing of a protest and the holding of a hearing thereon. That section reads in part:
“At the time so fixed [for hearing] such election officials shall hear the protest .and determine the validity or invalidity of the declaration of candidacy and petition. If they find that such candidate is not an elector of the state, district, county or political subdivision in which he seeks a party nomination or election to an office or position, or has not fully complied with the law relating to primary elections, his declaration of candidacy and petition shall be determined to be invalid and shall be rejected, otherwise it shall be determined to be valid. Such determination shall be final. ’ ’
It is asserted by the relators that the action of the board of elections in sustaining the protests on the ground that Mary E. McGowan as circulator of the petitions “was not a qualified elector at the time” amounts to a gross abuse of discretion.
*349 Notwithstanding the final sentence of the above-quoted portion of the statute, this court has held that a writ of mandamus may issue to compel the board to do what it should have done if the evidence involved required as a matter of law that the board take action consistent with the demand of the relator. Sullivan v. State, ex rel. O’Connor, 125 Ohio St., 387, 181 N. E., 805; State, ex rel. Ehring, v. Bliss et al., Board of Elections of Summit County, 155 Ohio St., 99, 97 N. E. (2d), 671.
No question is raised as to the qualifications of the candidates whose petitions were being circulated. Admittedly, each candidate is “an elector of the * * * district * * * in which he seeks a party nomination or election.” The only ground specified in the statute which could justify the determination made by the board is that the candidates have “not fully complied with the laws relating to primary elections.” There was no evidence that the candidates knew that Mary E. McGowan was not a qualified elector or knew of the reasons specified by the board as justifying its finding that she was not a qualified elector. Admittedly, the records of the board showed Mary E. McGowan to be a qualified elector for the entire period from 1931 to March 1952, which includes the time when she circulated the petitions for the candidates. She had been permitted to vote throughout that period of years and according to the records of the board of elections was qualified to vote when she circulated the petitions and when they were filed and until after the expiration of the filing period.
One of the purposes of registration is to enable those who circulate petitions to know who are and who are not qualified electors. This is apparent from the provisions of the Code, such as Sections 4785-34 and 4785-54. The latter section provides in part:
“All registration forms and lists, when not in official *350 use by the registrars or judges of elections, shall be in the possession of the board. Names and addresses of electors may be copied from the registration lists only in the office of the board when it is open for business * * *. The board shall keep in convenient form and available for public inspection a correct set of the registration lists of all registration precincts in the county.”
The board is given full authority and is under the duty to make the registration records represent at all times an accurate record of those qualified to vote. See, for example, Sections 4785-46 to 4785-60, inclusive, General Code.
The limitations now imposed by law on the maximum number of signatures which a candidate’s petition may contain (Section 4785-70) make it even more important than in the past that candidates shall be able to rely upon the accuracy of the registration records of the board.
There is no doubt that statutes provided a way for directly attacking the status of Mary E. McGowan as a qualified elector, and if the board of elections in such proceeding found that she lacked such qualifications her registration could be cancelled. It does not follow, however, that her registration can be collaterally attacked as is undertaken by the protests filed against the petitions circulated by her. At the time she circulated the petitions the registration records of the board of elections clearly indicated her as a qualified elector and no change was made in those records until after the petitions circulated by her were filed and until after February 6, 1952, which was the last date or deadline for filing those petitions. This court has not previously passed upon this question and we do not find decisions of other courts of last resort upon the exact question; However, decisions of other courts of last resort almost without exception deny *351 the right to collaterally attack the validity of a vote cast by one who at the time of voting was regularly registered as a qualified voter according to the laws of the state of registration. Among the decisions so holding are Moore et al., Board of Supervisors, v. Bay, 149 Md., 286, 131 A., 459; Perez v. Cognevich, 156 La., 331, 100 So., 444; Doughty v. Allen, 170 La., 556, 128 So., 514; State, ex rel. Gandy, v. Page et al., County Canvassing Board, 125 Fla., 453, 170 So., 118, 107 A. L. R., 615; Shepherd v. Sartain, 185 Ala., 439, 64 So., 57.
In addition to the fact that each protest here in question constitutes a collateral attack upon the status of Mary E. McGowan and, therefore, should not be upheld, it is our judgment that she was at-the time of circulating and filing the petitions, a de facto elector even though she might later be found not to have been a de jure elector. The registration records clearly indicated and represented her to be a qualified elector. The contests precipitated by the protests involved not her own personal rights but the rights and interests of third persons, to wit, the candidates. The situation is, therefore, analogous to that where the acts of a de facto officer are called in question. The general rule is that acts of a de facto officer are to be upheld as valid so far as they involve the interests of the public and of third persons until title to the office claimed is adjudged insufficient. 43 American Jurisprudence, 241, Section 495; State, ex rel. Westcott, v. Ring, 126 Ohio St., 203, 184 N. E., 757. So here the acts of Mary E. McGowan who was at least a de facto elector should be held valid for the reason that her acts in circulating the petitions involved the interest of third persons, that is, the candidates who otherwise would be the innocent victims.
Under the circumstances here involved we hold that the action of the board sustaining the protests was an *352 abuse of discretion and unlawful. For the reasons above stated the writs of mandamus should be allowed as prayed.

Writs allowed.

Stewart, Taet, Matthias and Hart, JJ., concur.
Weygandt, C. J., and Zimmerman, J., dissent.