KLIEBERT, Judge.
Joseph J. Worthy, defendant (hereafter judgment debtor) suspensively appealed from a judgment reviving a previous money judgment in favor of Wanda Sue Bridgewa-ter and Louis Henderson, plaintiffs (hereafter collectively referred to as judgment creditors). The issue presented on the appeal is the trial judge’s dismissal of the peremptory exception of prescription filed by the judgment debtor to the petition for revival. The trial judge concluded the prescription provided for by La.C.C. Article 3547 had not run. We affirm, but not for the same reasons stated by the trial judge in his reasons for judgment.
As the result of damages sustained in an automobile accident, the judgment creditors obtained judgments dated November 12, 1969 against the judgment debtor in the Civil Court for Jefferson County, Alabama. Thereafter, on a petition alleging the judgment debtor was indebted to them for the same amount as the Alabama judgments and praying for recognition of the Alabama judgments, on April 6, 1970, the Twenty-fourth Judicial District Court for the Parish of Jefferson rendered a judgment in favor of the judgment creditors against the judgment debtor in the amount prayed for. The Louisiana judgment of April 16, 1970 was then filed in the mortgage records of the Parish of Jefferson and thus attached as a judicial mortgage to real estate of the judgment debtor located in the Parish.
Although efforts to collect the judgments were made and bankruptcy proceedings filed,[1] on January 28, 1980 the judgment creditors filed a petition to have the Louisiana judgment rendered on April 6, 1970 revived. To this petition the judgment debtor filed an exception of prescription. The exception was dismissed and in due course judgment was rendered revising the Louisiana Court judgment of April 6, 1970 as an “in rem judicial mortgage”.[2]
In the trial court and here the judgment debtor argues that more than ten (10) years expired between the date the Alabama court rendered judgment, i.e., November 12, 1969 and the date the petition for revival was filed, i.e., January 18, 1980, therefore, the judgment had prescribed when the petition for revival was filed. The trial judge decided Lawyers Title Services, Inc. v. Boyle, 308 So.2d 479 (4th Cir.1975) was dis-positive of the issues involved here and dismissed the exception.
In briefs counsel for the judgment creditors urges and counsel for the judgment debtor acknowledges Lawyers Title Services, Inc. v. Boyle, supra, is not dispositive of the issue involved here. We agree. The case is precedent for the proposition that although Alabama’s prescriptive period for the enforcement of a foreign judgment is more than ten years, the judgment will not be enforced in Louisiana if the petition to make it executory in Louisiana is brought more than ten years after its rendition. However, that is not the issue involved here. Here the question is whether the prescription provided for in Louisiana C.C. Article 3547 commences to run from the date the Alabama judgment was rendered *1173 or the date the Louisiana judgment was rendered.
La.C.C. 3547 provides as follows:
“A money judgment rendered by a court of this state is prescribed by the lapse of ten years from its signing, if rendered by a trial court, or from its rendition if rendered by an appellate court.
An action in a court of this state to enforce a money judgment rendered by a court of another state, or of a possession of the United States, or of a foreign country is barred by the lapse of ten years from its rendition; but no such judgment is enforceable in this state if it is prescribed, barred by the statute of limitations, or otherwise unenforceable under the laws of the jurisdiction where it was rendered.
Any party having an interest in a money judgment may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure. A judgment so revived is subject to the prescription provided by the first paragraph of this article. An interested party may have a money judgment rendered by a court of this state revived as often as he may desire. (As amended Acts 1960, No. SO, § 1.)”
The answer to the question presented on appeal turns on whether the judgment of the Louisiana Court dated April 6,1970 was merely a procedural device to enforce the Alabama judgment or whether the Louisiana judgment now stands alone, separate and apart from the Alabama judgment.
In Douglass v. Gyulai, 144 La. 213, 80 So. 258 (La.1918) at page 259, the Court said:
“[1] The power, or jurisdiction, of one state, or of its courts, cannot extend over into another state. Therefore a judgment by a court of one state can have no operation in another state. A judgment ‘does not carry with it, into another state, the efficacy of a judgment! * * * To give it the force of a judgment in another state, it must be made a judgment there.’ McElmoyle v. Cohen, 13 Pet. (38 U.S.) 312, 10 L.Ed. 183. The effect of the full faith and credit clause is simply to preserve to the judgment its conclusiveness as evidence of the debt, not to preserve its executory character. Cole v. Cunningham, 133 U.S. 107, 10 Sup.Ct. 269, 33 L.Ed. 541.
‘The judgment is sued upon just as a promissory note would be, simply as the evidence of the debt claimed.’ Turley v. Dreyfus, 35 La.Ann. 510.”
Since the Alabama judgment was simply the evidence which supported the rendition of the Louisiana judgment, the prescription provided for in La.C.C. 3547 began to run on the Louisiana judgment only from the date of its rendition, i.e., April 6, 1970; therefore, the petition to revive the judgment was timely. Accordingly, the trial court judgment is affirmed. Each party to bear his own cost of the appeal.
AFFIRMED.

. The judgment debtor filed a federal bankruptcy proceeding in 1971. The bankruptcy trustee disclaimed the real estate on which the judgment had attached before discharging the judgment debtor in bankruptcy.

. The judgment debtor had filed a general denial to the judgment creditor’s petition. The judgment was rendered after the judgment debtor failed to respond to a motion for summary judgment and provided as follows:
“1. There be judgment herein in favor of your petitioner, Wanda Sue Bridgewater, and against the defendant, Joseph J. Worthy, in the full and true sum of ONE THOUSAND EIGHTEEN AND 85/100 ($1,018.85) DOLLARS together with legal interest thereon from November 12, 1969 until paid together with the cost of this action;
2. That there be judgment herein in favor of the petitioner, Louis Henderson, and against the defendant, Joseph J. Worthy, in the full and true sum of SIX HUNDRED EIGHTEEN AND 85/100 ($618.85) DOLLARS with legal interest thereon from November 12, 1969, until paid together with the cost of this action ...”