ROBERT M. LANIER *v.* NICHOLAS GALLATAS.

| 13 | 175 |
|----|-----|
| 50 | 103 |
| 13 | 175 |
| 124 | 999 |

The statute of April 30, 1853, requiring that appeals in cases in which the right to office is involved should be made returnable in ten days after judgment of the District Court, does not apply to the case of a contested election.

In contested election cases the appeal must be made returnable as in other civil cases from the same parish or district, and will have precedence in the Supreme Court only over all other cases from the same district or body of parishes having the same time assigned by law for the trial of their appeals.

A case which has been submitted for decision to the Supreme Court is not subject to any control by the Legislature.

Where evidence was offered in the court below but rejected, to show that the value of the office in dispute was over $300, held that the evidence should have been received and that the case is appealable.

To contest an election, there should be an averment that the illegalities charged *did* alter the result, not that it was probable the result had been changed.

APPEAL from the District Court of the Parish of St. Tammany, *Wilson, J. Henry Duncan*, for plaintiff. *Angus Bowie, Geo. S. Lacy* and *R. A. Upton*, for defendant and appellant.

SPOFFORD, J. The plaintiff and defendant were candidates for the office of Sheriff of the parish of St. Tammany at an election held in November last. The latter having apparently a plurality of votes in his favor, the former contested the election under the special statute authorizing such a remedy to be sought in the District Court.

The verdict and judgment declared the election void and referred it back to the people.

The defendant has appealed.

The plaintiff has moved to dismiss the appeal, 1st, because the transcript was filed too late, and 2dly, because there is no evidence of record to show that the value of the office in controversy exceeds $300.

Judgment was signed on the 1st December, 1857.

The order of appeal made the same "returnable according to law." The law then in force prescribed the 4th Monday in February as the return day for appeals from the parish of St. Tammany. (Rev. Stat., p. 278, sec. 12). The transcript in this case was filed before that time, to wit, on the 19th February, 1858.

But the appellee insists that the case falls within the Act of April 30th, 1853, (p. 250) requiring appeals in cases in which the right to office is involved, when returnable here, to be returnable in ten days after judgment of the District Court.

At that time, contested election cases were not appealable, and the law was not made in reference to such cases.

On the 14th February, 1856, (Acts 1856, p. 9), appellate jurisdiction of such controversies was first given to this court. That Act declared that "in all contested elections brought before the courts of this State the party cast shall have the right of appeal to the Supreme Court, *as in other civil cases*, where it is shown in the record that the amount of the emoluments of the office in contest is over $300, on the appellant giving bond and security in such sum as the judge of the court which renders the judgment shall direct, and that such appeal shall be considered suspensive in its operation and effect."

Another section declared that such contested cases shall have preference in the Supreme Court over all other cases therein pending.

In this case, the transcript does not appear to have been made out within ten days after the judgment, so that, if there was fault in not bringing the record here within ten days, it might be imputable to the Clerk, and, in such case, would not be cause for dismissal.

But we have already decided that the statute of April 30th, 1853, (p. 250), does not apply to this class of cases. The subject was fully considered in the case of *Auld* v. *Walton*, upon a motion to dismiss because the appeal was not made returnable within ten days after judgment. We overruled a motion to dismiss on that ground, entertained the case upon its merits, and reversed the judgment *in toto*. In overruling the motion to dismiss we said : " under the provisions of the Act of 1856, it appears to us obvious that all appeals in cases of contested elections must be considered as falling within the general rule applicable to appeals in all other civil cases. Adopting a different construction would, in our opinion, have the effect of substituting the exception to the general rule, defeating thereby the clearly expressed will of the Legislature." 12 An. 825.

If the present case had been returned here within ten days after the judgment, we find no law authorizing us to displace the city cases, or other country cases, and to take up the time devoted to them in the trial of cases from St. Tammany, which, with appeals from the other parishes of that district, have their own specially allotted period for argument and consideration. We understand the Act of 1856, declaring that appeals shall be allowed in contested election cases as in other civil cases, to mean that they shall be returnable as other civil cases from the same parish or district, and shall have precedence in this court over all other cases from the same district or body of parishes having the same term assigned by law for the trial of their appeals.

The transcript in this case was, therefore, seasonably filed.

Since the preparation of the foregoing opinion upon this point, the counsel for the appellant has presented to our notice a special Act of the Legislature, approved March 15th, 1858, purporting to fix the return day of this appeal upon the fifth day after the passage of that Act, and a motion has been made to reinstate the case on the docket, that it may be heard anew.

That motion is overruled. The case had been submitted to us before the passage of that Act, and was beyond the legislative control. Our respect for the General Assembly and the Executive forbids the inference that they intended to instruct this court what to do or not to do, whilst passing upon the legal rights of parties in a special case already under advisement. The utmost that we can suppose is, that they intended to fix a return day for this particular appeal without knowing the posture of the case. Whether it is competent for them to fix a return day for any special case, even before it is submitted to this court, we need not inquire ; for, this motion to dismiss will be disposed of solely upon the law as it stood at the time the motion was filed, and without any reference to the Act of March 15th, 1858.

As to the amount of emoluments yielded by the office, there is an allegation in defendant's answer, that they exceeded $1500 per annum.

Before the appeal was taken, he offered evidence to prove this allegation, which the District Judge refused to hear and had an order entered upon the minutes to that effect. The evidence should have been received ; considering it as received, the record discloses that the case is appealable.

The motion to dismiss is, therefore, overruled.

The defendant, *Gallatas*, excepted to the plaintiff's petition, that it did not set forth a sufficient ground of action, and the exception was overruled.

The allegations are that the returns show *Gallatus* to have received two hundred and twenty-five votes, and *Lanier*, the contestant, two hundred and eighteen, thus giving *Gallatas* a majority of seven votes; that, at said election, fourteen illegal votes were received and counted, a list whereof is annexed to the petition; that from the precincts in wards One and Two the Commissioners failed to furnish the returning officer of the parish with a list of voters as required by law; and that this failure to return the list of voters, and the illegal votes cast as aforesaid " vitiate and annul said election, because, if the said illegal votes had been rejected it would, in all probability, have changed the result in favor of the petitioner.

These allegations are very vague; to contest an election, there should be an averment that the illegalities charged *did* alter the result, not that it was *probable* the result had been changed ; and we think the exception should have been sustained.

Upon inspecting the evidence, we find that there is nothing but the most vague and remote suspicion to sustain the plaintiff's case.

Of the alleged fourteen illegal votes specified by the plaintiff, but two or three are shown to have been illegal, and not one of the whole list is proven to have voted for the defendant, whilst some of them are shown to have voted for the plaintiff and contestant.

The allegation as to the failure of the Commissioners to return the lists of voters in the precincts of wards One and Two are disproved.

Upon the whole record there is no showing of any illegality or informality which affected the result of the election to the prejudice of the plaintiff.

It is, therefore, ordered and decreed, that the judgment of the District Court and the verdict of the jury be annulled and set aside ; and it is now ordered, adjudged and decreed, that there be judgment in favor of the defendant, declaring him legally elected Sheriff of the parish of St. Tammany ; the costs of the contest to be borne by the parish of St. Tammany.