ROBERT T. FARRINGTON v. ALEXANDER TURNER.

*Elections—Adjournment to different polling place—Quo warranto.*

The adjournment of an election in good faith from one polling-place to another is at most an irregularity, unless it prevents persons from voting or prejudices the rights of candidates; and such an irregularity will not sustain proceedings in the nature of quo warranto against the successful candidate, in the absence of any showing that if the change had not been made the result would have been different.

Quo Warranto. Submitted Jan. 17. Denied March 6.

*Hatch & Cooley* for relator. Elections are not valid if held elsewhere than the designated place: McCreery on Elections § 114; *Melvin's case* 68 Penn. St. 333; *Stevens v. People* 89 Ill. 337; *Dickey v. Hurlburt* 5 Cal. 343; *Knowles v. Yeates* 31 Cal. 82; *Commonwealth v. Commissioners* 5 Rawle 75.

*Tarsney & Weadock* for respondent. A statute specifying the mode of preserving ballots was directory: *Lake v. Higgins* 3 Mich. 233; an irregularity on the part of election officers does not necessarily invalidate the election: *Dickinson v. Sackett* 14 Mich. 320.

SHERWOOD, J. This is a quo warranto proceeding, brought by the Attorney General in behalf of the relator to ascertain the rights of the respondent to the office of sheriff in the county of Ogemaw. The respondent is the present incumbent, and claims to have been elected to the office at the general election in November, 1882. Issue was joined at the April term of this Court, and sent to the circuit court for the county of Ogemaw for trial on the facts. The trial was had by jury, and the issue as made up, together with the jury's findings at the trial, are now before us upon this hearing.

The whole issue, as presented by the record, narrows down to the single question. " Was the vote taken in the township of Edwards legal?" If it was, the writ must be

dismissed; if illegal, judgment of ouster must go against the respondent and in that case it will remain to be determined whether or not the relator is entitled.

The only irregularity relied upon by the relator is that on the morning of election the supervisor and justice of the peace met at the school-house in district number One and organized as inspectors of election, and without receiving any votes at that place, adjourned the election to the school-house in district number Two in said township, and on doing so announced the fact publicly to all · present, and left a proper person at number One to notify all electors who came there to vote, of the change made by the board.

The jury find, as matter of fact, the change was made in good faith by the inspectors, they believing they had the right so to do, and not to deprive any elector from voting, but for the purpose of accomodating a larger number of the voters—district number One being in the south-east corner of the township—said township consisting of the territory of two surveyed townships—and that the districts were about eight miles apart. The jury further find that two of the electors of the township did not vote because of the change made and other business, and that several objected to the removal of the place of voting; that it was not made to appear that any other neglected to vote because of the adjournment, or that those who stayed away, if any, would have voted for the relator if the change had not been made; that the voting at number Two was conducted in an orderly manner, the returns properly made, and in the county canvass the votes were counted as given, and the respondent declared elected.

Nowhere in the record is it made to appear that had the election in the township of Edwards been held in district number One, as relator claims it should have been, he would have received more votes, or even as many, as he received at number Two. It is really not claimed by relator that he would have been elected had the election been held in district number One, but it is insisted that by the action complained of the vote of the township was made void, and lost to either party.

In such cases it is held in California that it is no more than an irregularity, and that the good faith of the action taken should control; and it is sufficient that no fraud or deception has been used and no one is deprived of his opportunity to vote and no one is injured.    *Whipley v. McKune* 12 Cal. 352.    And this case substantially says that, no matter how erroneous may be the action of an election officer, if it does no injury to the party complaining he has no grievance to redress.    And the courts very generally hold statutes prescribing the manner of holding elections directory and not mandatory, unless it affirmatively appears that the irregularity is of a character to change the result, and when that is the case the relator should make that fact appear.    *People v. Cook* 14 Barb. 290; *Holland v. Osgood* 8 Vt. 280; *Corliss v. Corliss* 8 Vt. 373; *Marchant v. Langworthy* 6 Hill 646; *Ex parte Heath* 3 Hill 43; *Dishon v. Smith*, 10 Iowa 212; *People v. Cook* 8 N. Y. 91; *Lanier v. Gallatas* 13 La. Ann. 175.    The principle I understand to have been established by this Court, and also by the great weight of authority, is that an election is not to be set aside and declared void because of an irregularity which does not affect the result; that the "will of the electors, plainly expressed in the forms prescribed by law, cannot be defeated by the negligence, mistake or fraud of the officers appointed to register the result of an election."    *People v. Cook* 14 Barb. 327; *People v. Vail* 20 Wend. 14; *People v. Cicotte* 16 Mich. 324.    " And even where the statutory provisions are mandatory, they do not necessarily defeat an election actually held, if the means exist of determining the result.    A particular act or proceeding may be rendered void, and the election be upheld notwithstanding."

Applying these principles of law to the facts as found by the jury, I am unable to perceive how the relator can prevail.    Here was an election held under the forms of law, in good faith.    No fraud is imputed, nor is it even shown positively that any one was inconvenienced, much less prejudiced by the action of the board complained of.    No person cast a vote who was not entitled.    Two only complained of the ac-

tion of the board, and it is not shown that if they had voted they would have cast their ballots for the relator; but if they had, it could not have affected the result. We think the relator has failed to show himself injured by the action of the inspectors of election, or that the respondent is not entitled to the office of sheriff of Ogemaw county.

The relator's petition must be dismissed with costs.

CAMPBELL and CHAMPLIN, JJ. concurred. COOLEY, C. J. did not sit in this case.