No. 6754
First Circuit Appeal

---

## ETIENNE THIBODEAUX v. JAKE FORTNER

---

(October 8, 1924, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Elections by the People—Par. 81, 83.

Where twenty-seven witnesses testified that they voted for the plaintiff at Maxie and only thirteen votes were credited to him, still the judges will not order the box from Maxie opened and the vote recounted where it is shown that the box was never delivered to the clerk of court nor to any of his deputies and it could have been tampered with, if anybody had been disposed to do so.

2.—Louisiana Digest—Elections by the People—Par. 81.

The testimony of twenty-seven witnesses uncorroborated that they voted for plaintiff at Maxie where the returns showed thirteen votes for plaintiff is insufficient evidence to set aside the election.

Appeal from the Parish of Acadia. Hon. Robt. B. Butler, Judge.

This is a suit to set aside an election. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Chappuis & Chappuis, of Crowley, attorneys for plaintiff, appellant.

P. S. Pugh, of Crowley, and John L. Kennedy, of Lafayette, attorneys for defendant, appellee.

ELLIOTT, J. This is a contest concerning the Democratic nomination for member of the School Board in the primary election held September 9, 1924, in the second ward of the parish of Acadia, between Etienne Thibodeaux and Jake Fortner and in which Jake Fortner is returned as the nominee.

The record contains some 200 pages and we have examined it as best we could in the time which we have for doing so and writing this opinion and have examined the briefs of the attorneys. We find it only necessary to consider the attack made by the plaintiff, Thibodeaux, on the box at Maxie. The dispute concerning this box is largely on legal grounds, and if the vote at this box stands as tabulated and returned by the commissioners, the defendant, Fortner, has a clear majority over the plaintiff rendering unimportant

the vote contested in the box at Robert's Cove and the two votes at Branch.

The plaintiff alleges concerning the box at Maxie that the commissioners have returned as cast for plaintiff but thirteen votes and ninety-one for defendant, whereas in truth and in fact there were twenty-seven votes cast for him at said box and but seventy-seven for Fortner. He charges that the return of the commissioners as to this box is false, corrupt, illegal and fraudulent.

If this charge is established by legal and competent proof this box must be disregarded and not counted, and if that be done Thibodeaux is the nominee.

The plaintiff supports his charges by twenty-seven witnesses who testified that they had voted for him at Maxie; thirteen, of course, voted for him, as he is credited with that number, but if the election commissioners honestly and truly discharged their duties as such, fourteen of them did not. The case hinges on the legal effect and weight of this evidence, and the safe care and guarding of the box after it was carried to the courthouse in Crowley. The plaintiff did his utmost to have the box opened and the vote recounted, but the district judge refused to have it done for the reasons stated in his opinion and accepted the return of the commissioners. We will consider his ruling on these two questions. The evidence shows that at the close of the election the box was closed, tally sheets and returns placed in it, and the box was then sealed. This having been done, Ivy M. Guidry, one of the commissioners, took it and carried it alone to Crowley, the parish seat. As just stated, nobody was with him from the time he took the box at Maxie until he reached Crowley about 10 o'clock at night. On his way to Crowley with the box in his automobile he stopped at his father's residence and ate a lunch; while eating the box was in the automobile

with no one near it, and it does not appear that it was under his observation, but he was only absent a short time and returned to his automobile and drove on to Crowley, reaching there after office hours. The clerk's office had been closed for the night and the clerk of court and his deputies were all gone. Mr. Guidry in the company of Mr. Andrus, the parish jailer, placed the box in a room which the witnesses speak of as the record room on the second floor of the courthouse. The office of the clerk of court was on the first floor of the courthouse and Mr. Andrus, the jailer, did not have any connection with the clerk's office, and did not represent the clerk of court officially in receiving the box. According to the evidence the room in which the box was placed was locked by Mr. Andrus or some other party, perhaps the janitor, during the night, and it was locked on the night of the 9th, after the box was placed in it, but it was unlocked each morning about 6 o'clock and left open during the day. During the day anybody went into this room that wished to go and nobody observed them, and as far as we can see by the testimony nobody gave any particular attention to this box from the time it was placed in this room until it was taken in charge by an order of the court in this case, a period of about five days. It was never delivered to the clerk of court nor to any of his deputies and it could have been tampered with, if anybody had been disposed to do so. Under the jurisprudence of this state, Marrero vs. Middleton, 131 La. 432, 59 South. 863; Koepp vs. Crawford, 138 La. 852, 70 South. 858; Reeves vs. Dean, 138 La. 896, 70 South. 871; Perez vs. Cognovitch, 156 La. 331, 100 South. 444; Advance Sheets, Southern Reporter, refusing to open this box and recount the votes was correct. The able counsel for the plaintiff, Thibodeaux, in his carefully prepared brief and argument at the bar, urges

and has cited authorities from other states; he contends that the language in these cases decided by the Supreme Court of that we ought not follow these decisions our state is a little stronger than the primary election law requires. We feel that it is our duty to follow them as the correct interpretation of the law of this state.

The plaintiff contends that the testimony of twenty-seven witnesses that they had voted for him impeaches these returns and that the box should be opened and the ballots recounted because of their impeaching evidence. This kind of evidence is very weak and unsatisfactory in an election case. No election would be safe if the official acts of officers appointed under the law and solemnly sworn to hold an election honestly and fairly can be in this way set aside and the election rendered null and void.

The evidence of these witnesses was properly received and if it had been properly supported and corroborated and if the boxes had been delivered to the clerk of court and properly guarded we would no doubt come to a different conclusion concerning the evidence. But as it is, we do not think that the judge of the lower court erred in refusing to open the box and have the vote recounted because of this testimony. We have considered his opinion very carefully and concur with him in almost all he says and in every conclusion at which he arrives. We are of the opinion that the judgment appealed from is correct and should be affirmed. We have noticed the other contentions of the parties, but it is not necessary to rule on them.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed. The plaintiff and appellant to pay the costs of both courts.