167 So. 197

# LAFARGUE v. GALLOWAY.

## No. 33862.

March 31, 1936.

Chris Barnette, of Shreveport, for appellant.

Cook, Cook & Eagan and Harry V. Booth, all of Shreveport, for appellee.

LAND, Justice.

Plaintiff, Malcolm E. Lafargue, and defendant, James U. Galloway, were opposing candidates for the Democratic nomination for the office of district attorney for the First judicial district, at a second primary election held March 3, 1936, in said district, composed of the parish of Caddo.

On March 11, 1936, the First Judicial District Democratic Executive Committee met and promulgated the returns of the second primary election, and, on the face of the returns, declared the defendant, James U. Galloway, the nominee for said office, and moved unanimously to certify his name to the secretary of state.

Plaintiff has brought the present suit against defendant, James U. Galloway, the clerk of the First judicial district court, the First Judicial District Democratic Executive Committee, and the board of election supervisors of Caddo parish not to have the second primary declared illegal, null,

and void, but to have declared null and void the acts of the commissioners of election in counting and returning certain votes, as well as the acts of the Democratic Executive Committee in promulgating the returns.

Plaintiff prays for a recount of all ballots cast in said election, and, after the recount, to be declared the nominee for the office of district attorney.

Defendant filed exceptions of no cause or right of action, which were sustained by the trial court and plaintiff's suit dismissed. From this judgment, plaintiff prosecutes this appeal.

■ 1. It is well-established law in this state, as well as elsewhere, that, to contest an election, not only specific frauds or irregularities must be alleged, but it must also be shown that the frauds or irregularities charged did in fact alter the result. Lanier v. Gallatas, 13 La.Ann. 175; State v. Mason, 14 La.Ann. 505; Andrews v. Blackman, 131 La. 355, 59 So. 769; Reeves v. Dean, 138 La. 889, 70 So. 871; 20 C.J., Elections, § 298, p. 231.

■ In paragraphs 5 to 13 of his petition, plaintiff has alleged merely that the Executive Committee, in promulgating the results of the election, acted upon *incomplete and insufficient returns;* but nowhere, in this portion of the petition, does plaintiff make *the essential allegation,* that the results of the election, as promulgated by the committee, *would be altered or changed* by any other election returns or data than those on which the committee acted.

In paragraphs 16 to 20 of the petition, plaintiff specifies certain errors in the committee's tabulation. But these allegations are pleaded in the alternative to the allegations contained in paragraphs 5 to 13; and the errors pointed out total only 73 votes, a number insufficient to overcome defendant's promulgated majority of 155 votes.

There is a prima facie presumption of regularity and correctness of official action of the First Judicial District Democratic Executive Committee in promulgating the returns of the election and in certifying the defendant as the nominee. McKnight v. Ragan, 33 La.Ann. 398; Jones v. Freeman, 49 La.Ann. 565, 21 So. 719; 20 C.J., Elections, p. 238, §§ 322 and 323.

In the face of this presumption, and of the requirement that contestant shall specify that the result of the election was in fact altered and changed, plaintiff has failed to state a cause of action in his attacks upon the action of the Executive Committee in promulgating the results of the election.

■ 2. Nor are we of the opinion that paragraphs 14 to 31 of plaintiff's petition state a cause of action.

The total errors set out in paragraphs 16 to 28 of plaintiff's petition would effect, under the allegations, a change in the promulgated returns of 168 votes.

Of this total, the alleged errors of the Executive Committee (paragraphs 16 to 20) in accepting tallies rather than extended totals shown on the tally sheets, account for 73 votes.

■ The bare allegation of plaintiff, that the figures shown by the extended totals "were correct and should have been accepted," is a mere conclusion of law and not a well-pleaded fact, and is not sufficient to overcome the prima facie presumption of the regularity and correctness of the official action of the committee.

■ Likewise, the allegations of paragraph 28 of the petition, that petitioner was deprived of 7 votes in precinct 37, because these votes were "legally cast for your petitioner that were wrongfully and illegally spoiled and thrown out and not counted," is a mere conclusion of law, as plaintiff fails to allege any fact showing that the action of the commissioners in declaring the same spoiled was wrongful and illegal.

These 7 votes added to the 73 votes above referred to make a total of 80 votes, which deducted from the 168 votes, alleged by plaintiff in paragraphs 16 to 28, leave the result of the election as promulgated unchanged.

■ It is also alleged in paragraph 31 of the petition that, in 59 precincts, 383 more votes were counted by the commissioners and tabulated by the Executive Committee than were legally cast and polled.

This number of votes, illegally counted and tabulated, would nullify the effect of the errors complained of by petitioner in paragraphs 16 to 28. But petitioner fails to allege how these votes were counted and how the same affected the promulgated totals of plaintiff or defendant.

■ A petition in a suit to contest an election which alleges the counting and promulgating of illegal votes states no cause of action, unless it be also alleged for which side votes were counted and promulgated. Lanier v. Gallatas, 13 La.Ann. 175; Reeves v. Dean, 138 La. 889, 70 So. 871; 20 C.J., Elections, § 324, p. 240, footnote 70.

Our conclusion, therefore, is that the entire petition fails to state a cause of action.

■ 3. Nor does the petition, in our opinion, state a right of action.

The concluding paragraph of section 25 of Act No. 97 of the 1922 Louisiana Legislature, as amended by Act No. 28 of the Second Extra Session of 1935, p. 83, provides for the proper custody and preservation of primary election ballots, as follows:

"The ballot boxes containing the ballots, poll list and tally sheet shall be carefully sealed after the count shall have been completed and the returns, signed and sworn to, shall be deposited with *the respective clerks* of the District Courts throughout the State and in the Parish of Orleans with the Clerk of the Criminal District Court by the commissioners of election."

Act No. 181 of 1894, an election statute, provided that, after the count of the ballots, the commissioners of election should carry the ballot boxes and returns to the board of supervisors.

This statute was construed in the case of Jones v. Freeman, 49 La.Ann. 565, 21 So. 719, 720.

In that case, the facts showed that the ballot boxes were carried, not to the board of supervisors, as provided by that law, but to *the clerk.* In commenting upon the failure to comply with the provisions of the law concerning the custody of the ballot boxes, the court said:

"The law, scrupulous to preserve the integrity of the ballots actually cast, guards against *any substitutions* by the requirement that the commissioners themselves, or at least two of them, shall carry the ballot boxes and returns, *not to the clerk, but to the board of supervisors.*" (Italics ours.)

The present primary election law provides that the ballot boxes and returns shall be carried *to the clerk and not to the board of supervisors.*

The Supreme Court of Louisiana has repeatedly held that the ballots and ballot boxes cannot be resorted to to overcome the presumptive correctness and regularity of the official returns and promulgation, unless their integrity and sanctity have been preserved, as provided by law. Jones v. Freeman, 49 La.Ann. 565, 21 So. 719; Marrero v. Middleton, 131 La. 432, 59 So. 863; Thornhill v. Wear, 131 La. 739, 60 So. 228; Koepp v. Crawford, 138 La. 852, 70 So. 858; Reeves v. Dean, 138 La. 889, 70 So. 871; McConnell v. Salmon, 174 La. 606, 141 So. 73; Thibodeaux v. Fortner, 1 La. App. 323; Welch v. Fitzgerald (La.App.) 144 So. 73.

Petitioner alleges in paragraphs 33 and 35 of his petition that the ballot boxes and the returns *have not been delivered to the clerk of the district court,* but are now in

possession of the *board of election supervisors* of Caddo parish.

Plaintiff's whole cause of action is predicated upon his demand for a recount of the ballots, and in his allegations in paragraphs 33 and 35 of his petition, he has stated a noncompliance with the provisions of section 25 of Act No. 97 of 1922, as amended by Act No. 28 of the Second Extra Session of 1935, the state primary election law providing for the custody of the ballots. In one breath he has sought a recount of ballots, the integrity and sanctity of which he alleges has been destroyed. In so doing he has alleged that his right of action for a recount has been destroyed.

Judgment affirmed.