PONDER, Justice.
 

 This is an appeal from a judgment sustaining exceptions of no right or no cause of action.
 

 The plaintiff, Manuel Molero, instituted this suit against C. F. Rowley, the defendant, seeking to have the primary election of January 16, 1940 for the office of sheriff for the Parish of St. Bernard declared null and void and to have a new primary election ordered and held.
 

 The plaintiff alleges in his. petition that he was a candidate in the primary of January 16, 1940 for the democratic nomination for the office of sheriff; that Adam Nunez, Paul Trebucq, W. F. Truax and the defendant were also candidates for that certain office; that the Parish Democratic Executive Committee after canvassing the returns promulgated the result of the election as follows: Manuel Molero — 1053 votes, Adam Nunez — 12 votes, C. F. Rowley — 1560 votes, Paul Trebucq — 23 votes and William F. Truax — 1 vote; that the committee declared the defendant the nominee by a majority of 471 votes; that the election should be declared null and void and a new one ordered because of fraud, irregularities and misconduct and fraudulent conspiracy; that there existed a conspiracy in the parish headed by the defendant, the sheriff, an opponent of the plaintiff ; that the conspiracy was for the purpose of reelecting the defendant sheriff and was participated in by the district judge and two deputy sheriffs acting under the order of the sheriff; that a first cousin of the district judge, a member of the committee, as well as other members of the committee participated in the conspiracy; that, other persons whose names are unknown to the plaintiff participated in the conspiracy ; that in pursuance of the conspiracy the sheriff illegally closed his office to persons desiring to sign the poll books and obtaining certificates for a period of several weeks during the latter part of 1938 which resulted in the disfranchisement of at least 300 otherwise qualified voters who otherwise would have been able to participate in the election and who had expressed themselves to the effect that they were going to vote for the plaintiff; that during December, 1938 the' sheriff was warned by a letter from an attorney that unless the poll books were immediately opened criminal charges would be filed against him; that the defendant opened the books on the last day of the year 1938 and while a number of citizens signed the books and received poll registration certificates yet 300 citizens were unable to do so either because of lack of time or lack of knowledge that the office was open; that, on information and belief, the defendant closed the poll books on the advice and orders of the district judge for the purpose of preventing supporters of the plaintiff from signing the
 
 *532
 
 books and receiving the certificates in order to disqualify them as voters; that in furtherance of the conspiracy the sheriff and others, including four commissioners in ward 5, three commissioners in ward 7, precinct 1, three commissioners in ward 7, precinct 2 and two commissioners in ward 7, precinct 3, permitted at least 200 persons to vote for the defendant in the election who had not signed the poll book for the year 1938 and who had not received the certificates to that effect; that in the early part of January, 1940 three deputy sheriffs, deputies under the defendant, assaulted two supporters of the plaintiff and threatened them with a pistol and were only prevented from doing- them bodily harm by the timely appearance of a state police officer; that this act of violence was done for the purpose of terrorizing the supporters of the plaintiff and prospective yoters; that he is informed and believes that large sums of money were illegally spent by the defendant for the purpose of fraudulently influencing voters; that the defendant offered one Lester Kramer $40 for his and his family’s votes and when Kramer informed the defendant that he did not have a poll registration certificate for 1938 the defendant gave Kramer a registration certificate for that year, 1938; that Kramer was a supporter of the defendant, having been appointed a special officer by the plaintiff to keep peace at the polls and to assist the special deputy supervisor in carrying the poll box to and from the commissioners at Violet, Louisiana; that the defendant and„ one of his deputies offered Octave Buffani, a supporter of plaintiff, $388, with which to pay a grocery and boat bill to Vincent Fabre, if Buffani and his family would in turn vote for the defendant and his ticket in the election, which offer was rejected by Buffani; that in furtherance of the conspiracy the executive committee, a majority of whom were supporters of the defendant, attempted to canvass and promulgate the results of the election a day earlier than the date fixed by law and were only prevented from doing so by the arrival of the district attorney who protested that the meeting was premature and illegal; that the obvious purpose of the action of the committee was to prevent the plaintiff from having the full time permitted by law to prepare and file his contest; that as a result of the conspiracy more than 500 votes which would otherwise have been cast for the plaintiff were either prevented from being cast or cast for the defendant thereby changing and affecting the result of the election; and that the emoluments of the office for the four-year term are in excess of $5000. The plaintiff prayed for the election to be declared null and void and for a new primary election to be ordered and held. Among the pleas filed by the defendant were a plea to the jurisdiction of the trial court and exceptions of no right or cause of action. The exceptions of no right or cause of action were sustained by the lower court and the plaintiff’s suit was dismissed. The plaintiff appeals.
 

 The only allegation of irregularity in the election was the plaintiff’s claim that 200 persons, who had not signed the 1938 poll book and who had not secured the 1938 poll certificates, were permitted to
 
 *534
 
 vote for the defendant. This allegation is general and does not name the person so voting or the precinct each of them voted in. In the first place, the allegation does not set forth specifically the names of the persons, what precinct each of them voted in or what commissioners permitted them to vote. It does not apprise the defendant of the particular facts relied on and a charge of fraud of this general nature, without setting out in detail the acts relied on, will be disregarded. Lafargue v. Galloway, 184 La. 707, 167 So. 197; State ex rel. Todd v. Mills, 191 La. 1, 184 So. 350. In the second place, there is no allegation that the ballots were protested as required by Section 20 of Act No. 97 of 1922 as amended (Dart’s General Statutes of Louisiana, 1939 Ed., Section 2670).
 

 There are other general allegations in the petition of fraud, irregularities, etc., but no specific allegation of any particular acts. Such allegations cannot be considered. Lafargue v. Galloway, supra; State ex rel. Todd v. Mills, supra.
 

 The allegations of assaults and attempts to bribe at a date prior to the election are offenses committed apart from the election. These offenses are in no manner connected with the conduction of the election. The plaintiff’s remedy was to file criminal charges in these instances.
 

 It is alleged that 300 voters were prevented from signing the poll books and securing certificates because the defendant had closed his office during the latter part of 1938. It is not alleged who the parties are or that they made any effort to go to the office for such purpose and the several weeks mentioned is not specified. This allegation' is too general and does not apprise the defendant of any particular acts relied on by the plaintiff. Moreover, these persons would be ineligible to vote if a new primary was called because they do not possess the qualifications. Under the provisions of Act No. 38, Second Extra Session, 1934 it makes it a misdemeanor for a sheriff to fail to keep his office open during the period of time fixed by law for the purpose of persons signing the poll books and receiving poll certificates. The Act provides a penalty for the failure to do so. It is the mandatory duty of the sheriff to keep the office open for that purpose. If the sheriff fails to comply with his mandatory duty an aggrieved party has his remedy. Under the law of this State the qualification of a voter is prescribed. If a party does not possess these qualifications he cannot vote irrespective of what cause prevented him from obtaining these qualifications.
 

 For the purpose of this case, if we concede that the trial court had jurisdiction in this matter, we are compelled to arrive at the conclusion that the plaintiff’s petition does not set forth a cause or right of action. The judgment of the lower court sustaining the exceptions should be affirmed.
 

 The defendant interposed a plea to the jurisdiction of the trial court. This plea was based on the ground that the trial court did not have jurisdiction because the plaintiff does not seek to be declared the
 
 *536
 
 nominee. In view of our conclusion it is unnecessary to pass on this plea.
 

 For the reasons assigned, the judgment is affirmed at appellant’s cost.