**TREADAWAY v. PLAQUEMINES PARISH DEMOCRATIC COMMITTEE et al.**

No. 17371.

Court of Appeal of Louisiana. Orleans.

Feb. 12, 1940.

James David McNeill, of New Orleans, for appellant.

A. Giffen Levy and L. H. Perez, both of New Orleans, for appellees.

McCALEB, Judge.

This is a primary election contest which was brought, under the provisions of Act No. 97 of 1922, as amended, by George Treadaway against Herman Ballay and the Plaquemines Parish Democratic Committee. In his petition, the contestant Treadaway alleges, in substance, as follows:

That he is a duly qualified elector of the Ninth Ward of the Parish of Plaquemines; that he is a candidate for the democratic nomination for the office of member of the Police Jury of Plaquemines Parish from the Ninth Ward; that he possesses all of the qualifications for said office as fixed by law; that the democratic primary for nomination to the office he seeks was held on Tuesday, January 16, 1940; that a tabulation of the returns of the election was made by the Plaquemines Parish Democratic Committee and that said returns show that he was defeated by his opponent, Ballay, by a majority of two votes. He charges that the returns promulgated by the committee are illegal because many persons, who were permitted to vote in the election, were ineligible; that, six persons (whom he names) are not citizens of the United States; that, in spite of this, they were illegally registered and illegally permitted to vote in the Second Precinct of the Ninth Ward; that, in the First Precinct of the Ninth Ward, the commissioners in charge of election permitted electioneering to be conducted within the guard rail in violation of law; that the commissioners themselves aided and assisted voters in making their ballots in cases where such assistance was not permitted by law; that no official record of poll registrations and no official record from the office of the Registrar of Voters was kept in the polling precinct while the election was being conducted; that the election supervisor in charge of the precinct refused to mail the returns as required by law and that, in the Second Precinct of the ward, the returns disclosed that 56 votes were cast whereas only 37 persons were seen to appear at this poll. The petition concludes with a prayer that the returns tabulated and promulgated by the Parish Democratic Committee be set aside; that the certification of Ballay as the democratic nominee for said office be declared null and void and that the contestant Treadaway be decreed to be the duly elected nominee of the democratic party for said office. Treadaway further prays, in the alternative, that the court order a new election for the nomination.

To the foregoing petition, the defendants, Plaquemines Parish Democratic Committee and Herman Ballay, appeared and filed (1) exceptions of misjoinder of parties defendant and (2) exceptions of no right or cause of action. They further pleaded, by way of exception, that Treadaway's rights, if any, were prescribed because he had not filed the suit within two days after the official promulgation of the result of the election.

In answer to the allegations of the petition, the defendants denied all of the charges made by the plaintiff with respect to the irregularities and frauds committed at the polls.

On the day of the trial, the district judge, after hearing argument on the exceptions of the defendants, sustained the exceptions of no right or cause of action and prescription and dismissed the suit. Wherefore this appeal.

We first direct our attention to the defendants' exception of no right or cause of action. As we have stated, this contest has

been brought under the provisions of Section 27 of Act No. 97 of 1922 as amended by Act No. 8 of the Second Extra Session of 1934, § 4, and by Act No. 28 of the Second Extra Session of 1935, § 1. The pertinent portion of the statute reads: "Any candidate for a nomination for any office who shall claim to have been nominated, and shall desire to contest the election, shall present a petition to the Judge * * * which petition shall set forth specifically and in detail the grounds on which the contest is based and the irregularities or frauds of which complaint is made; * * *."

■■ It is to be observed that the right to contest, which is granted by the statute, is afforded only to candidates "who shall claim to be nominated". It is well settled that laws governing election contests are sui generis (see Bradley v. Neill, 174 La. 702, 141 So. 382) and that the jurisdiction of the court to entertain such suits is limited to cases where the contestant is able to bring himself within the provisions of the state primary law. See Reid v. Brunot, 153 La. 490, 96 So. 43. Thus, in the last-cited case, it was held that the court was without jurisdiction of the controversy because the contestant did not assert that he had received a majority of the legal votes cast in the primary.

■ The petition before us reveals that Treadaway is not claiming to have been nominated because he received a majority of the legal votes cast in the election. On the contrary, the averments of his petition plainly disclose that he desires to have the election set aside because of certain irregularities which occurred in the voting and because of the asserted improper conduct of the commissioners of election. In his prayer, he asks that he be declared the nominee or, alternatively, that a new election be ordered. It is obvious that his request to be declared the nominee could not, in any event, be granted because he does not claim that he received a majority of the legal votes cast.

■ Moreover, if we assume that Treadaway has alleged, by inference, that he claims to have been nominated and therefore states a right of action, we find that his petition fails to disclose a cause of action. All of his complaints, with regard to the manner in which the election was conducted, are to be found in the articles numbered from six through eleven of his petition. In article six, he charges that the returns promulgated by the Parish Committee are illegal because many ineligible persons were allowed to vote in the election. This general allegation does not comply with the requirements of the primary act which provides that the petition shall set forth specifically and in detail the grounds upon which the contest is based. Apart from this, the averment is wholly insufficient in that it is neither alleged that the illegal votes were cast for the contestee nor that they altered the result of the election. In Lafargue v. Galloway, 184 La. 707, 167 So. 197, 199, the Supreme Court declared: "A petition in a suit to contest an election which alleges the counting and promulgating of illegal votes states no cause of action, unless it be also alleged for which side votes were counted and promulgated. Lanier v. Gallatas, 13 La.Ann. 175; Reeves v. Dean, 138 La. 889, 70 So. 871; 20 C.J., Elections, § 324, p. 240, footnote 70."

■■ In article seven of the petition, it is alleged that six aliens (who are named) were illegally registered and were illegally permitted to vote in the election. The averment does not constitute a valid ground of complaint for three reasons—(1) because the contestant is without authority to attack collaterally the right of registered persons to vote—(he had the remedy of purging the registration rolls before the election)—see Perez v. Cognevich, 156 La. 331, 100 So. 444; Dougherty v. Allen, 170 La. 556, 128 So. 514; and Cambre v. Brignac, 19 La. App. 437, 140 So. 702; (2) because he does not allege that the right of the illegally registered persons to vote was challenged at the polls and identified by a written protest attached to the ballot—see Bradley v. Neill, supra,—and (3) because it is not alleged that these illegally registered persons voted for the contestant's opponent or that the election result was changed in any manner as a consequence of such illegal votes. See Lafargue v. Galloway, supra.

■ In article eight of the petition, it is charged that the commissioners at the poll of the First Precinct of the Ninth Ward permitted electioneering to be conducted within the guard rail in violation of law and that they aided and assisted voters in making their ballots in cases where such assistance was not permitted by law. There is no showing that the contestant was injured by reason of the infractions of the law complained of and it is not even alleged that illegal electioneering was done in the interest of his opponent. It suffices to say that this allegation is of a most general nature and

does not comply with the requirements of the primary law as interpreted by the Supreme Court in Lafargue v. Galloway, supra, and State ex rel. Todd v. Mills, 191 La. 1, 184 So. 350.

■ The same observations are applicable with respect to the averments of article nine of the petition wherein complaint is made that no official record of poll registrations and no official record from the office of the Registrar of Voters was kept at the polling booth and also as to article ten wherein it is charged that the election supervisors did not mail the returns as required by law.

■ In article eleven of the petition, it is alleged that, although the returns from the Second Precinct of the Ninth Ward showed a tabulation of 56 votes, only 37 persons were actually seen to vote at that poll. It will be immediately noticed that it is not alleged that the voters complained of did not appear in person but only that they were not seen. Furthermore, since there is no charge that the persons who were not seen (presumably by the plaintiff or his watchers) voted in favor of the contestee, the allegation can not be regarded as setting forth an actionable ground for the contest of the election. See Lafargue v. Galloway, supra.

Counsel for Treadaway argues at length that the trial judge was in error in refusing to consider a supplemental and amended petition which was presented by him on the day of trial after issue had been joined but before the case was heard. He says that the grounds set forth by him in the amended pleading merely amplify the complaints urged in the original petition and that therefore, under the well established jurisprudence, he should have been permitted to supplement his allegations so as to state a cause of action.

It was firmly settled in Reeves v. Globe Indemnity Company, 185 La. 42, 168 So. 488, that a petition which fails to allege a cause of action, because of omissions of the pleader, may be amended and that the filing of the original defective petition has the effect of interrupting the running of prescription. However, we are not aware that this liberal rule of pleading and practice obtaining in ordinary civil suits has ever been extended to include election contests which are sui generis. On the contrary, we find that the Supreme Court has specifically declared that an amendment to a petition in an election contest will not be permitted where the supplemental pleading is filed after issue is joined and after the time prescribed by statute for the bringing of such cases has passed. In Bradley v. Neill, supra, the court, in discussing this question, said [174 La. 702, 141 So. 384]:

"Laws governing elections are sui generis. Section 27 of Act No. 97 of 1922, relating to election contests, provides that the contestant shall set forth specifically and in detail the grounds on which his contest is based, and the irregularities or frauds of which he complains. The contestee is required to answer the petition within five days after service, and on the fifth day, whether the contestee has answered or not, the court must proceed without further delay and in a summary manner to try the issue presented. Provision is made for taking testimony out of court before trial and even before filing suit; a decision is required within twenty-four hours after the case is submitted; the appeal, if any be taken, is returnable in five days; the appeal must be heard by preference on the original record, and must be decided within twenty-four hours, and no application for a rehearing is permitted. If the appellate court is in vacation, it must be convened in special session to hear and dispose of the case. The statutory provision also declares that 'no contest shall be entertained unless brought within two days after the official promulgation of the result of the election.'

"It would thus appear that the purpose of the legislative act is to secure a final decision of the contest in the shortest possible time and in the most summary manner. The intention of the lawmaker apparently was that the contestant should set forth at one time and at the outset all the facts on which he bases his contest. And in any event, a contestant ought not [to] be permitted to amend his petition setting up new grounds of action after the two days allowed by the statute for filing the suit have elapsed, because defendant would then be entitled to service and additional delay for answering, and could, in turn, set up new defenses, thereby defeating the purpose of the law and destroying the summary character of the proceeding."

■ Counsel for plaintiff contends that, notwithstanding the above-quoted language, the real reason for the Supreme Court's refusal to permit Bradley to file a supplemental petition was because it found that his amended allegations stated a new and

different cause of complaint. It is true that the court declared, as an additional reason for its ruling, that the proposed amendment was not an enlargement or amplification of the original petition but that it was an entirely new cause of action. Aside from this, however, the above-quoted language clearly indicates that the court was primarily of the view that, since election contests are sui generis, no amendments to the pleadings can be countenanced if they are presented after issue has been joined and after the time permitted by statute for the filing of such suits has passed.

We therefore conclude that our brother below properly refused to consider Treadaway's supplemental petition, forasmuch as it was not presented until after issue had been joined and until after the time prescribed by the primary statute for bringing the suit had elapsed.

Being of the opinion that the exception of no right or cause of action was properly maintained by the district judge, we find it unnecessary to discuss the question presented by the defendants' plea of prescription.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.