knew of its presence but that he had no objection thereto.

While the defendants filed a plea of contributory negligence in the district court, it was apparently abandoned for it does not appear from their brief that this question was pressed in the appellate court; no mention is made of it in that court's decision; and no mention has been made in the brief they filed here. In any event, the record is totally lacking of evidence that would sustain the plea.

The defendants apparently do not question the amount of damages awarded the plaintiff by the appellate court, for this matter, likewise, is not mentioned in their brief. Regardless, we think the facts of the case disclosed by the record amply substantiate the amount awarded.

For the reasons assigned, the judgment of the appellate court is affirmed; all costs to be borne by the defendants.

ODOM, J., dissents.

**17 So.2d 820**

**EDWARDS v. HESTER et al.**

**No. 37447.**

Feb. 9, 1944.

Harvey G. Fields, of Farmerville and George Wesley Smith, of Monroe, for appellant.

J. Norman Coon, of Monroe, for appellee.

PER CURIAM.

In the Democratic primary election held on January 18, George Miller Edwards and J. B. Hester were candidates for the nomination for the office of sheriff of the Parish of Union, to be voted for in the general election to be held on April 18. According to the returns made to the Democratic Executive Committee and promulgated by the committee, Edwards received 2,403 votes, and Hester 2,431 votes, or a majority of 28 votes. On January 22 Edwards filed suit against Hester and the executive committee, contesting the nomination, under the provisions of Section 86 of Act 46 of 1940, and asking, in support of his contest, that eleven ballot boxes, which contained the ballots cast in eleven precincts, respectively, as designated in the petition, should be produced in open court by the clerk of court, who is the official custodian of the boxes, and that the ballots should be counted in open court, according to the proviso in Subsection (b) of Section 86 of Act 46 of 1940. The proviso is that, in addition to the procedure theretofore set forth for contesting a nomination, the contestant may, on alleging on information and belief that a proper recount of the ballots in any box or boxes would change the result of the election, require the recount of the ballots in all or any specified boxes. The contestant, Edwards, made a cash deposit required by the statute to defray the expense of the recount, and the judge ordered the clerk to produce the ballot boxes in open court. For the sake of brevity we refer to the official custodian of the ballot boxes in this case as the clerk of court, the fact however being that he is now in the armed forces and is represented by his chief deputy, acting clerk. The contestee, Hester, answering the suit, denied that a recount of the ballots in the eleven boxes would change the result which the election commissioners had found and the committee had promulgated. The ballot boxes were produced and the counting of the ballots in open court was commenced on Thursday January 27 and was proceeded with from day to day until Thursday February 3, on which day, when the ballots in only nine of the eleven boxes had been counted, and when therefore no result of the recount had been announced or ascertained, the contestee, Hester, filed an amended answer, in which he asked for a recount of the ballots in five boxes which had been used, respectively, in five other precincts, designated in his supplemental answer. The five precincts referred to by Hester in his supplemental answer were precincts in which, according to the returns promulgated by the committee, the contestant, Edwards, had received a majority of the votes. Hester, in his supplemental answer averred that a recount of the ballots in the five boxes referred to in his supplemental answer would show that he had received a larger number of votes and that Edwards had received a smaller number of votes than the number reported by the committee in promulgating the returns. More than five days from and after the

date of service of the petition on the contestee, Hester, had elapsed at the time when he offered to file his supplemental answer. The contestant therefore objected to the filing of the supplemental answer on the ground that it is provided in Act 46 of 1940, Section 86, Subsection(b), that the contestee in a case like this shall be bound to answer the suit not later than ten o'clock a.m. on the fifth day from and after the service of the copy of the contestant's petition. The ground on which the contestant, Edwards, objected to the filing of the supplemental answer of Hester was stated thus: (1) That the right to file a supplemental answer was barred by the prescription of five days, (2) that the contestee was estopped by his tacitly conceding or assuming in his original answer that the returns promulgated by the executive committee were correct for all of the precincts not included in the eleven precincts referred to in the contestant's petition, and (3) that the supplemental answer presented a new issue and therefore came too late after issue was joined by the filing of the original answer to the suit. The judge maintained the objections of the contestant, refused to allow or hear the supplemental answer of the contestee, and refused to order a recount of the ballots in the five boxes referred to in his supplemental answer. Hester then asked for a writ of subpoena duces tecum to compel the production of the five ballot boxes, and, on the refusal of the judge to issue the writ, Hester gave notice in open court of his intention to apply to the supreme court for writs of certiorari, prohibition and mandamus.

The petition for the writs was received in this court on Friday, February 4, and on that day the court issued a rule directed to the judge and to the contestant, Edwards, ordering that either the judge should forthwith have a recount of the ballots in the five boxes referred to in the contestee's supplemental answer, subject to the objection and protest of the contestant, or that the judge and the contestant should show cause in this court on Tuesday, February 8, why the ballots in the five boxes should not be recounted as prayed for in the supplemental answer of the contestee.

The judge, in his answer to the rule issued by this court, avers that he declines to order the ballots recounted in the five boxes referred to in the contestee's supplemental answer until this court answers certain questions of law presented by the rule to show cause. The judge in his answer adopts the answer made by the contestant, Edwards, and the arguments made by him in support of the judge's ruling, refusing the contestee's request for a recount of the ballots in the five boxes referred to in his supplemental answer.

■ The contestant, Edwards, has filed a motion to have this court dismiss these proceedings, on the ground that a certified copy of the contestee's petition to this court was not served upon the contestant until Saturday morning, February 5. It was alleged by the contestee, Hester, in his petition to this court, that he had served a copy of his petition for the writs of certiorari etc., upon the judge and upon the contestant, as required by Section 7 of Rule XIII of the Rules of this court. The fact

that the certified copy was not served upon the contestant until the next morning after the petition for the supervisory writs was filed in this court would not warrant a dismissal of this proceeding. We assume that the attorneys for the contestee, Hester, had actually sent the notice to the contestant or to his attorney when the attorneys, under oath, averred in their petition to this court that they had served the notice. It is sufficient that the notice was actually delivered to the attorney for the contestant in time for him to present his side of the case in answer to the rule to show cause why the writs prayed for by the contestee should not be granted. In these election contests the law requires every step in the proceedings to be taken hastily. The delay in the delivery of the certified copy to the attorney for the contestant in this case did not prejudice his rights in any way. The motion to dismiss the proceedings therefore is overruled.

The judge and the contestant, in their answers to the rule to show cause why the ballots in the five boxes referred to in the supplemental answer of the contestee should not be counted, rely upon the decision rendered by this court in Bradley v. Neill, 174 La. 702, 141 So. 382, and the decision rendered by the Court of Appeal for the Parish of Orleans in Treadaway v. Plaquemines Parish Democratic Committee et al., La.App., 193 So. 609. The judge relies also upon the provision in Subsection (b) of Section 86 of Act 46 of 1940 that the contestee in a case like this shall be bound to answer the suit not later than ten o'clock a.m. on the fifth day from and after the service upon him of a copy of the petition

of the contestant. The decisions cited are authority only for the proposition that the contestant in a case like this is not allowed to amend his petition so as to set up a new or additional cause of action after the elapse of the two days allowed by law for the filing of a contest or suit like this. In Subsection (h) of Section 86 of Act 46 of 1940 it is declared that no contest shall be entertained unless brought within two days after the official promulgation of the result of the election. In Subsection (b) of this section it is declared that the petition of the contestant shall set forth specifically and in detail the grounds on which the contest is based and the irregularities or frauds of which complaint is made. The same provisions were made in the preceding statute on the subject, in Section 27 of Act 97 of 1922. That fact was mentioned in the opinion rendered in Bradley v. Neill, 174 La. 702, loc.cit. 710, 141 So. 382, loc. cit. 384. That decision was rendered in 1932 and was governed by the act of 1922. That act did not contain the proviso made in Subsection (b) of Section 86 of Act 46 of 1940, declaring that in addition to the procedure set forth in that subsection the contestant may, by alleging merely on information and belief that a proper recount of any ballot box or boxes would change the result of the election, require a recount of the ballots in all or any of the boxes specified by him. As there was no such provision in Section 27 of Act 97 of 1922, which section in other respects corresponds with Subsection (b) of Section 86 of Act 46 of 1940, the decision rendered in Bradley v. Neill is not applicable to this case. That is true also

of the decision rendered in Treadaway v. Plaquemines Parish Democratic Committee, which was decided in February 1940, under the provisions of Act 97 of 1922. It was pointed out in both of those cases that the reason why the contestant should not be allowed to supplement his petition by alleging additional grounds for his contest after the two days allowed by law for the filing of the contest have expired is that the law requires the contestant to "set forth specifically and in detail the grounds on which his contest is based and the irregularities or frauds of which complaint is made [193 So. 611]." There is no such condition attached to the right of either party in such a contest to demand a recount of the ballots in any specified box or boxes used in the primary election.

If the recount asked for in the supplemental answer of the contestee in this case could have caused any harmful delay in the proceedings, or could have prejudiced unfairly the contestant in any way, the judge might have been warranted in refusing to allow a recount of the ballots in the five boxes referred to in the supplemental answer of the contestee. But no such delay could have been caused by a recount of the ballots in these five boxes. The record discloses that the recounting could be done at the rate of three boxes a day. As there were only two candidates for the office of sheriff there will be no second primary election for this office. The general election, in which the candidates for sheriff will be voted for, will be held, according to Section 2 of Act 224 of 1940, on Tuesday, the next day after the third Monday in April, which in this in-

stance will be the 18th day of April. Hence it is not possible that a recounting of the ballots in the five boxes referred to in the contestee's supplemental answer could delay this suit long enough to interfere with the duty of the Secretary of State to have the ballots printed and distributed in time for the election, and for absentee voting. If a recount of the ballots in the five boxes referred to in the contestee's supplemental answer will not avail him anything in his defense of this suit, no harm or prejudice will be done to the contestant by the recount of the ballots. On the other hand, if a recount of the ballots in these five boxes is necessary for the contestee to defend his claim to the nomination, the recount will prevent an injustice. In short, a recount of the ballots in these five boxes cannot do injustice to the contestant, whereas a refusal to recount the ballots might do injustice to the contestee. Our conclusion therefore is that the judge should allow the contestee to have a recount of the ballots in the five boxes referred to in his supplemental answer if he insists upon it after the recount demanded by the contestant is completed.

The petition of the relator, J. B. Hester, contestee in this case, is granted, and accordingly the judge of the district court is directed to grant the request of the contestee for a recount of the ballots in the five boxes referred to in his supplemental answer to the suit. The costs of these proceedings in the supreme court are to be borne by the contestant, George Miller Edwards; the liability for other court costs is to abide the final disposition of the case.