Bastiano Scacciaferro (also known as Tony Ferro), hereafter called by the latter name, brought an ejectment suit in the District Court of St. Landry Parish to eject a lessee, Henry Tager, from certain premises in the town of Eunice. In that suit, *Page 922 
the plaintiff alleged that defendant Tager occupied a certain store building under a lease which expired on July 26, 1946; that due notice to vacate had been given the lessee, but the lessee had failed to vacate the premises. A rule was issued against the lessee to show cause on September 6, 1946, why judgment should not be rendered against him ordering him to vacate the premises.
In his petition for ejectment, the plaintiff landlord alleged that he entered into a written lease with the defendant on July 26, 1944, for a period of one year on the premises at the rate of $35 per month; that on July 26, 1945, he entered into another written lease with defendant for one year at the rate of $50 per month and that this lease expired on July 26, 1946. Copies of the alleged written leases were annexed to the petition for ejectment.
The defendant Tager in answer to the petition denied that the two documents annexed to the petition were contracts of lease, and alleged that he was occupying the premises under a verbal agreement with the plaintiff entered into on July 24, 1944, whereby a verbal lease was made for a period of five years at the rental of $35 per month for the first year and $50 per month for the remainder of the term. The defendant admitted his signature to the documents annexed to the petition, but denied that these documents were, or were intended to be, separate and independent leases for the premises. He alleged that these documents were simply memoranda confirming the amount of rental due for the first and second years. He admitted receipt of notice to vacate and urged his right to retain possession of the premises under the alleged five year lease.
Abraham Gorbaty intervened in the suit and alleged that he held a written lease from Tony Ferro covering said premises dated June 12, 1946, and he joined the plaintiff in asking for the ejectment of defendant and prayed for judgment in favor of plaintiff condemning the defendant to deliver possession of the premises to the plaintiff. The petition of intervention of Gorbaty was put at issue by defendant and the case went to trial.
On the attempt being made by defendant to prove the alleged verbal lease of five years by which he claimed the right to retain the possession of the premises, objection was made to this proof on the ground that it was an attempt to vary and contradict the written lease entered into by the parties. The objection was sustained and the defendant was therefore unable to prove the alleged five year verbal lease.
A judgment was rendered in favor of the plaintiff and the intervenor ordering the defendant to be ejected from the premises. Counsel for defendant Tager asked for a suspensive appeal which was refused by the trial judge.
The defendant then applied to this court for writs of certiorari, prohibition and mandamus to compel the trial judge to grant him a suspensive appeal on his complying with the law. On October 8, 1946, we issued a writ of certiorari and alternative writs of prohibition and mandamus.
The trial judge made no return, but the plaintiff and intervenor in the ejectment suit (hereafter called the respondents) filed a motion in this court to have the alternative writs issued by this court recalled for the reason that they were issued without proper notice being given the trial judge and respondents.
It appears that counsel for relator gave notice in open court to the trial judge and respondents at the time the trial judge refused to grant him a suspensive appeal that he would apply to the Supreme Court for writs of certiorari, prohibition and mandamus. This was on September 30, 1946, and on October 3, 1946, counsel for relator notified counsel for respondents by telephone that he was preparing the application for filing in the Supreme Court, whereupon, counsel for respondents filed an opposition to the application in the Supreme Court. On the same day that counsel for relator notified counsel for respondents that he was preparing the application for writs to the Supreme Court, he realized that he should make the application to this court and mailed copies of the application and notice to the trial judge and counsel for respondents. It appears that the trial judge received a registered notice and copy of the *Page 923 
application on October 5, 1946, and counsel for respondents received the registered notice and copy of the application to this court on October 7, 1946. Counsel for respondents immediately withdrew his objections filed with the Supreme Court and filed a motion in this court for an extension of three days to permit him to file objection or opposition to the application. When this motion was received by the Clerk of this court, we had already issued the alternative writs. Counsel for respondents then filed a motion to recall the writs.
The rules of this court provide that no application for writs of any kind will be entertained unless notice has been previously given to the presiding judge and the opposing party, and in all matters subject to regulation by this court and not provided for in its rules, this court will be guided by the rules of the Supreme Court insofar as they may be applicable. The present rules of the Supreme Court with reference to the application for writs are contained in Rule 13, Sections 2 and 7. Section 2 provides for the giving of notice to the trial judge and the adverse party of the intention to apply for the writs, which notice has the effect of staying execution of the judgment until the application is filed, and section 7 provides for the service of a copy of the application for the writs on the trial judge and the opposing party in order that they might immediately file opposition to the granting of the writs. See Wilson Sporting Goods Co. v. Alwes, 204 La. 637, 16 So.2d 217.
[1] In the recent case of Edwards v. Hester et al.,205 La. 549, 17 So.2d 820, the Supreme Court held that a failure of the adverse party to receive a copy of the application for the writs until the day following the filing of the application did not prejudice the adverse party, as he had an opportunity to file an opposition to the granting of the writs after he received the notice and before the court had finally acted on the application. While the respondents in the present case did not have an opportunity to oppose the granting of the alternative writs issued herein, yet in view of the circumstances of this case and the conclusion we have reached as to the final disposition of the application, we find that respondents have not been prejudiced by the failure of relator to give proper and timely notice. In his answer to the motion to recall the alternative writs, counsel for relator has made a satisfactory explanation of his error in giving notice to the trial judge and opposing counsel that he would apply to the Supreme Court for the writs instead of his intention to apply to this court. And while counsel for respondents was no doubt put to some inconvenience in filing his opposition in the Supreme Court instead of filing it in this court, yet his client has suffered no prejudice by reason of this error. For these reasons, the motion to recall the writs is overruled.
[2] The trial judge was correct in refusing to grant relator a suspensive appeal. Under the provisions of Section 2157 of the Revised Statutes, Dart's Statutes, § 6599, a defendant in an ejectment suit is not entitled to a suspense appeal unless he has filed a special defense which is subject to proof, and which if proved, would entitle him to retain possession of the premises. Defendant admits that he is occupying the premises described, in the petition for ejectment, and is claiming his right to retain possession under an alleged verbal lease with the plaintiff entered into on July 24, 1944. He admits signing the two documents annexed to the petition, which documents plaintiff claims constitute written agreements for the lease of the premises for two one year periods each, ending with July 26, 1946.
The first of these documents consists of two paragraphs. The first paragraph is signed by Tony Ferro, represented by Dorothy Ferro, and states that he agrees to give free rent for two months for repairing the store, etc. Then follows another paragraph, signed by Henry Tager, reading as follows: "I will pay $35 rent a month for one year least (evidently meaning lease). July 26, 1944 to July 26, 1945."
The other document is dated July 26, 1945, and is signed by Henry Tager and Tony Ferro and reads as follows: "I hereby agree to rent my store to Henry Tager for one year for $50.00 per month beginning July 26, 1945 ending July 26, 1946." *Page 924 
[3] Both of these documents constitute complete written agreements and contain all the essentials of a lease; the thing, the price and the consent of the parties. Civil Code, Article 2670. The intention of the parties was clearly expressed in both documents, particularly is this true of the second document which shows that it is and was intended to be a lease of this store for one year from July 26, 1945 to July 26, 1946, at the rental of $50 per month.
[4, 5] Obviously, if Ferro and Tager entered into a verbal agreement in July, 1944, that verbal agreement was merged into and was superseded by this written lease which expired July 26, 1946. To permit the lessee to prove this verbal lease antedating the written lease in direct conflict with the written lease would be a violation of the parol evidence rule contained in Article 2276 of the Civil Code. It is well settled that where a written contract is not required to be in writing to be valid, verbal testimony is admissible to show that by a subsequent parol agreement such written contract has been modified, altered or abrogated, but where a verbal agreement is entered into and later a written agreement is entered into on the same subject matter, the verbal agreement becomes merged into the written agreement and cannot be proved by parol if it varies or contradicts the subsequent written agreement.
Since the lessee could not prove an alleged verbal lease between himself and Ferro which antedated the written lease and which by its terms expired on July 26, 1946, he could not show any legal right to retain possession of the premises after the written lease expired. We therefore conclude that relator did not set up such a special defense, susceptible of proof, as would entitle him to a suspensive appeal, and the trial judge was correct in refusing to grant the suspensive appeal. Doullut et al. v. Rush et al., 142 La. 443, 77 So. 110; State ex rel. Colonel Jackson v. E.P. Mills, judge, et al., 2 La. App. 425.
We do not deem it necessary to pass on the right of the intervenor to come into the suit and join the lessor in asking for the ejectment of Tager, as that question could not affect relator under the conclusion herein reached.
For the reasons assigned, it is ordered that the alternative writs herein issued be and the same are hereby recalled, and relator's application is dismissed at his cost.